38 N.J. Super. 201 (1955)
118 A.2d 553
STATE OF NEW JERSEY, PLAINTIFF,
v.
DOMINICK WAR, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Law Division (Criminal).
Decided November 17, 1955.
*203 Mr. Ralph L. Fusco, Acting Prosecutor of Passaic County.
Mr. George S. Grabow, for the defendant.
HINCHLIFFE, J.C.C.
This matter comes before this court by a timely motion by the defendant under R.R. 3:5-5(b) (3), to quash the indictment charging said defendant and others with conspiracy to make book. The grounds alleged in support of the motion are: (1) that the defendant has been denied due process of law; and (2) that the indictment of the defendant without a preliminary examination *204 on the complaint which the defendant requested, subjected the defendant to double jeopardy in violation of the Federal and State Constitutions.
The defendant has filed in support of his motion an affidavit setting forth facts which are not denied by the State.
Briefly, the agreed facts are: On August 30, 1955 the defendant was arrested and charged on a complaint in the Municipal Court of the City of Paterson with conspiracy to make book. The defendant was released on bail and upon arraignment on September 1, 1955 pleaded "Not Guilty" to the charge and demanded a preliminary examination. The matter was continued to September 2, 1955. The defendant and his counsel appeared before the magistrate on the latter date, and the examination was continued at the request of the State to September 9, 1955. On that date the defendant and his counsel again appeared before the magistrate, but there was no representative of the State present. The matter was further continued until later in the day, when the complaint was dismissed by the magistrate due to no evidence having been presented on behalf of the State. Meanwhile, on September 7, 1955 the grand jury returned the indictment to which this motion is now addressed.
As a general rule, with some modifications later discussed, the defense of former jeopardy will be available to the accused whenever he has already gained acquittal for the same offense.
Because second jeopardy is what is forbidden, it logically follows that the prisoner must have undergone initial jeopardy before he can be heard to complain of another prosecution for the same offense. Thus it becomes necessary to ascertain whether he had been, in fact, in actual jeopardy in the first prosecution and whether such jeopardy, if it existed, embraced the same identical act of commission upon which the second prosecution is based.
There must be three elements essential in the first trial, namely, that the prisoner shall have been tried in a *205 court of competent jurisdiction; that the evidence necessary to sustain the second charge would have been sufficient to secure a legal conviction on the first; and the acquittal must be final.
In the case at bar, no evidence has been presented to this court to show that the municipal court had actually tried the charge against this defendant on the merits, no evidence having been adduced by either the State or the defendant. A preliminary examination is in no sense a trial of a person accused of crime.
N.J.S. 2A:8-22 limits those crimes over which the municipal courts have jurisdiction, and does not include the crime charged in this indictment. Hence it was not a court of competent jurisdiction, having jurisdiction over the subject matter.
A preliminary hearing before an examining magistrate is not a judicial trial. It is a mere judicial inquiry. No plea or issue is necessary and no jury is demandable or proper. The doctrine of res adjudicata does not apply so that the result of one inquiry will preclude another. 14 Am. Jur., Criminal Law, sec. 241, p. 935.
A preliminary hearing where no evidence is presented and the defendant has not been called upon to put in his defense cannot be said to be a final judgment of acquittal. Accordingly, a dismissal by the Municipal Court of the City of Paterson for lack of prosecution is no bar to another prosecution for the same offense in a court of competent jurisdiction. State v. Dragone, 99 N.J.L. 144, 147 (E. & A. 1923).
The procedure adopted in this particular case by the State is unusual. The question which presents itself is: Was this unusual practice fair play within the contemplation of our Supreme Court in considering and establishing R.R. 3:2-3 (formerly Rule 2:3-3), to have the intent of the rule disregarded in the manner followed in the case at bar. This court does not believe that to be so. Without making an effort to exhaust the authorities presently available, it seems quite clear that the weight of authority in *206 this country, in the absence of a controlling statute, is that a grand jury has the right and power to find an indictment before, as well as pending, a preliminary examination. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).
I do not dispute that the prosecutor, according to the usual practice, may on his official responsibility present evidence to a grand jury without a prior arrest and binding over of a defendant, but he should exercise this power cautiously, and never so act unless convinced that the exigencies of the occasion or the general public good demands it. See United States v. Kilpatrick, 16 F. 765 (D.C.N.C. 1883).
R.R. 3:2-3(c) provides as follows:
"Preliminary Examination. If the defendant does not waive indictment and trial by jury but does waive preliminary examination, the magistrate shall forthwith bind him over to await final determination of the cause. If the defendant does not waive examination, the magistrate shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him. If, from the evidence, it appears to the magistrate that there is probable cause to believe that an offense has been committed and the defendant has committed it, the magistrate shall forthwith bind him over to await final determination of the cause, otherwise, the magistrate shall discharge him. The magistrate shall admit the defendant to bail as provided by these rules. After concluding the proceeding the magistrate shall transmit, forthwith, to the prosecuting attorney all papers in the cause, whether the defendant be held or dismissed, and any bail taken by him shall be transmitted to the county clerk."
This rule is almost identical with Rule 5(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. What is the purpose of a preliminary examination? (1) To inquire as to the alleged crime so as to inform the accused of the nature of the accusation against him and to enable the prosecution to take the necessary steps to bring the accused to trial; (2) to preserve the evidence and keep the witnesses within the control of the state; and (3) to determine the amount of bail.
In the foreword of the tentative draft of the new rules governing all of the courts of New Jersey, the Chief Justice and associate justices of the Supreme Court stated:
*207 "The Court is determined to avail itself, so far as practicable, of the Federal Rules of Civil Procedure [28 U.S.C.A.] and Criminal Procedure. It is assumed therefore, it was the intention of the Court to avail itself of the Federal Rules of Criminal Procedure as they had been interpreted, construed and applied by the Federal Courts, except insofar as the new state court rules may indicate a contrary intention."
There is no statute in this State pertaining to preliminary examination of a defendant, it being entirely governed by R.R. 3:2-3(c) and is, therefore, a matter of procedure. Winberry v. Salisbury, 5 N.J. 240 (1950), certiorari denied 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638; Town of Montclair v. Stanoyevich, 6 N.J. 479 (1951); Siegler Co. v. Norton, 8 N.J. 374 (1952); State v. Ahrens, 25 N.J. Super. 201 (App. Div. 1953). In Milk Drivers Local 680 v. Shore Dairies, Inc., 8 N.J. 32 (1951), Chief Justice Vanderbilt, speaking for the court said:
"* * * The design of our rules of court is to facilitate business and advance justice, to make practice just and simple, and to prevent unreasonable delay and expense; * * * and it is the duty of all judges to see that these salutary objectives are not perverted."
I come now to the further argument on this point, namely whether a constitutional right of the defendant has been violated in the case before me. The preliminary examination is a valuable right, and I again repeat that I do not believe the practice here indulged in should be adopted as a universal procedure; nevertheless, I am of the opinion that the defendant has a substantial right to such a hearing but there is no violation of a constitutional right. As a matter of common law, the only authority that I have been able to find is the following from Hughes' Federal Procedure (1st ed), p. 29:
"The preliminary examination is a valuable right, and the prisoner can have it, either on prosecutions instituted by complaint or indictment." United States v. Farrington, 5 F. 343 (D.C.N.Y. 1881).
*208 Inasmuch as there are no decisions on this subject in our State, we must seek out the decisions of other jurisdictions. There is likewise no statute on this subject in the United States Code and the procedure is governed by Rule 5(c) of the Federal Rules of Criminal Procedure.
In the case of United States v. Gray, 87 F. Supp. 436 (D.C.D.C. 1949), the facts of which are almost analogous, it was held that the United States commissioner had the right, for good cause shown, to grant a continuance of the preliminary hearing either at the request of the government counsel or the defense, and the fact that the hearing is continued does not bar the United States attorney from proceeding before the grand jury and, if the grand jury finds an indictment, no purpose remains for conducting the preliminary hearing. Nor does the violation of the defendant's rights in respect to a preliminary hearing constitute a ground for dismissal of the indictment. See also James v. Lawrence, 84 U.S. App. D.C. 355, 176 F.2d 18 (Ct. App. D.C. 1949).
A person arrested has no constitutional right to a preliminary examination before indictment, and he cannot contend that because there was no preliminary examination, he was deprived of his constitutional guaranty to be confronted by the witnesses against him. Clark v. Huff, 73 App. D.C. 351, 119 F.2d 204 (Ct. App. D.C. 1941); Van Dam v. United States, 23 F.2d 235 (6th Cir. 1928); Commonwealth v. Wingel, 32 Pa. Dist. Co. R. 75 (Quarter Sessions 1938); State v. Badders, 141 Kan. 683, 42 P.2d 943 (Sup. Ct. 1935); People v. Dillon, 197 N.Y. 254, 90 N.E. 820 (Ct. App. 1910); People v. Steiger, 154 Misc. 538, 277 N.Y.S. 602 (Gen. Sess. 1935); Hobbins v. State, 214 Wis. 496, 253 N.W. 570 (Sup. Ct. 1934); Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343 (1895); United States ex rel. Dilling v. McDonnell, 130 F.2d 1012 (7 Cir. 1942).
In the case of United States v. Gray, supra, the court said:
"The grand jury has a right to find an indictment against any person against whom sufficient evidence is presented to it, and *209 is not limited to considering cases only of those persons who have been bound over to the grand jury by a committing magistrate."
The real purpose of a preliminary hearing before a United States commissioner is to prevent a person from being held in custody without a prompt hearing."
See also O'Grady v. Hiatt, 52 F. Supp. 213 (D.C. Pa. 1943); Garrison v. Johnston, 104 F.2d 128 (9th Circ., 1939); United States ex rel. Perry v. Hiatt, 33 F. Supp. 1022 (D.C. Pa. 1942); United States v. Liebrich, 55 F.2d 1022 (D.C. Pa. 1942); United States v. Liebrich, 55 F.2d 341 (D.C. Pa. 1932).
As to the contention of the defendant that his rights under the due process clause of the 14th Amendment to the Federal Constitution, that too must fail because there is no requirement that an accused be given a preliminary examination. Lem Woon v. State of Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913).
Accordingly, I must deny the motion of the defendant to quash the indictment and direct that the State proceed to arraign the defendant on the indictment for conspiracy to make book.