131 N.J. Super. 1 (1974)
328 A.2d 44
STATE OF NEW JERSEY, PLAINTIFF,
v.
FRANCIS PENNINGTON A/K/A FRANCIS LYNDE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 29, 1974.
*2 Mr. Joseph Ferrante, Assistant Prosecutor for the State (Mr. Joseph P. Lordi, Prosecutor of Essex County).
Mr. Charles S. Lorber for defendant (Mr. Edmond M. Kirby, Deputy Public Defender of Essex Region).
MARZULLI, J.C.C., Temporarily Assigned.
The issue is whether the question of defendant's sanity at the time of the commission of a crime is to be decided by a 10 to 2 or by a unanimous verdict of the trial jury.
N.J.S.A. 2A:163-2 provides that the issues of competency and sanity may be determined at a pretrial hearing conducted by the judge alone or with a jury specially impanelled. Aponte v. State, 30 N.J. 441 (1959). This pretrial hearing has been held to be a civil proceeding "in the nature of an inquest trying a collateral issue," State v. Gibson, 15 N.J. 384, 388 (1954). As such, a verdict "may be rendered by ten or more of the jury of 12 agreeing." State v. Gibson, supra; N.J. Const. (1947), Art. I, par. 9; N.J.S.A. 2A:80-2; R. 1:8-2(c).
N.J.S.A. 2A:163-2 contains a subsequent paragraph which provides as follows:
* * * a finding of sanity at the time of the commission of the offense charged against such person in this proceeding shall not preclude the accused from interposing the defense of insanity at any subsequent trial of the offense charged.
A defendant may raise the defense of insanity at trial even though there has been a pretrial determination of his sanity at the time of the commission of the offense. Our *3 Supreme Court has suggested that the issue of competency to stand trial be resolved by the judge and the question of sanity at the time of the offense be submitted to the jury at the time of the trial. Aponte v. State, 30 N.J. 455 (1959).
If this procedure is followed, the first opportunity defendant will have to raise the defense of insanity will be before the jury impanelled to try the indictment. At that time he must overcome the assumption of sanity by a preponderance of the evidence. State v. DiPaglia, 64 N.J. 288, 293 (1974).
If one is to follow the dictates of R. 1:8-9, which provides for unanimity of verdict in criminal trials, then defendant must prove his insanity at the time of the alleged offense to all of the jurors at the trial, but to only ten of the jurors at a pretrial hearing where the same issue is raised.
The problem is in attempting to differentiate between the effect of the pretrial disposition as to the question of defendant's sanity and the disposition of same at trial.
The statute provides that if a defendant were found at the pretrial to be insane at the time the offense was committed, then the charge against him would be dismissed. The judge or the jury would also determine if the underlying disease of the mind still existed and, if so, commit the defendant State v. Maik, 60 N.J. 203, 217 (1972).
In the pretrial proceeding there has been no judicial determination that defendant did in fact commit the criminal acts. The issue of guilt never arises.
On its face it appears that the defendant is not being treated as a criminal. However, in fact defendant receives the same treatment as if he were found to have been insane at the time of the alleged offense during the trial of the indictment. At trial a defendant is actually determined to have committed the alleged offense but is acquitted if found to be insane at the time of the offense. If the jury determines the underlying defect of reason still continues, the court orders such person into safe custody and commits him. *4 State v. Maik, supra. The effect on defendant is the same in either case.
Some may argue that a sanity determination at trial is subject to the rules of criminal rather than civil procedure. However, why should a defendant found to be insane at the time of the offense at a pretrial hearing be compelled to satisfy a 10-2 verdict, while a defendant who is pleading the defense of insanity at trial be forced to prove it by 12-0?
The determination of sanity is in the nature of a civil proceeding even though raised within the framework of a criminal case. The defense of insanity, unlike other defenses, provides a burden which falls upon defendant. The assumption of sanity compels defendant to prove by a preponderance of the evidence that he was insane at the time of the offense. State v. DiPaglia, supra. The court is aware that the burden of proof has no relevance to the requisite number of jurors who must agree on a verdict. The burden of proof generally refers to the quantity and/or quality of the evidence and not the number of jurors who must be swayed by the evidence. Cf. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) State v. Carter, 64 N.J. 382 (1974), and dissent. However, compelling a defendant who seeks to prove insanity to establish it by unanimity is to weigh the defendant with heavier burden than that contemplated by the statute.
The courts do not view the defense of insanity with disfavor but rather have sought to distinguish between a "hostile act springing from wickedness" and one done "from some infirmity of the mind which the individual did not author." State v. Maik, supra. Upon finding that defendant committed the alleged act, the courts do not adjudicate him guilty of that act but rather acquit him due to insanity which precludes any personal blameworthiness. If this be so, why require a unanimous verdict?
This court is aware that if the question of insanity can be established by a 10-2 verdict, then conversely the question of sanity at the time of the commission of the offense *5 can be determined by a 10-2 verdict. This would not compromise nor prejudice the rights of a defendant. Intent would have to be proven to the satisfaction of all of the jurors when intent is a necessary element of the crime charged. The onus upon the State to prove the necessary elements of the offense is not in any way diminished.
The jury shall be instructed the issue of defendant's sanity at the time of the offense may be determined by a 10-2 verdict.