STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HUBERT METCALF, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1979—Decided February 15, 1979.

Before Judges CONFORD and PRESSLER.

*Messrs. DuBowski & Davis,* attorneys for defendant-appellant (*Mr. Samuel H. Davis* on the brief).

*Mr. David Linett,* Somerset County Prosecutor, attorney for plaintiff-respondent (*Mr. L. Gilbert Farr,* Legal Assistant to the Prosecutor, on the brief and of counsel).

PER CURIAM. Defendant appeals his conviction as a second offender in violation of the drunk driving statute. His apprehension and charge for driving under the influence of alcohol in Franklin Township in the early morning of June 9, 1977 was preceded by an arrest and charge earlier the same night in Bridgewater for the same offense. Defendant was convicted of both offenses and was fined $500 and subjected to a suspension of driving privileges for one year for the second offense, the minimum possible under the statute for a

second offense. *N. J. S. A.* 39:4–50(a). There was no appeal from the first conviction.

In both driving episodes defendant was on his way home from work. After the arrest for the first incident his wife was called to the police station and the couple left and returned to defendant's car, whereupon he got into it and drove until he was apprehended shortly thereafter in Franklin Township.

Defendant's argument is that his offense was single in that his inebriation constituted one event, and both driving incidents took place in the course of a single trip from work to home. His position is that there is something unfair in subjecting him to multiple prosecutions in these circumstances. We cannot agree. Defendant engaged in two driving incidents; one prior to the time he was arrested in Franklin Township, the other after his release on the first charge, for driving in Bridgewater Township. Had defendant's journey not been interrupted, he probably could not have been held guilty of more than one offense, notwithstanding passing through more than one municipality. *Cf. State v. Willhite,* 40 *N. J. Super.* 405, 411 (Cty. Ct. 1956); and see *State v. Licari,* 132 *Conn.* 220, 43 *A.* 2d 450 (Sup. Ct. Err. 1945). The interruption of the journey by the first arrest prevents the driving of the vehicle from being regarded legally as a single unitary continuous offense.

Judgment affirmed.