STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PHILLIP COSTELLO, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1987—Decided March 31, 1988.

Before Judges KING, GAULKIN and GRUCCIO.

*Jeanne T. Covert,* Assistant Prosecutor, argued the cause for appellant (*Stephen G. Raymond,* Prosecutor of Burlington County, attorney).

*Stephen W. Kirsch* argued the cause for respondent (*Francis J. Hartman,* attorney).

The opinion of the court was delivered by

KING, P.J.A.D.

This unusual case involves the application of the Double Jeopardy Clause to two convictions for two acts of driving while intoxicated which took place within a two-hour period during the early morning of September 28, 1986 in Mt. Laurel. The defendant was convicted of these two violations of *N.J.S.A.* 39:4–50 (DWI) in the Mt. Laurel Municipal Court on February 3, 1987. On his appeal *de novo* on the record, *R.* 3:23–8, the Law Division judge found him not guilty of the second offense. The State now appeals and the defendant contends that the appeal must be dismissed because the judgment of the Law Division operated as an acquittal of the second offense. Although the Law Division judge erroneously acquitted the defendant of the second offense, we agree that the Double Jeopardy Clause bars this appeal which seeks in effect to reinstate the second conviction after an acquittal.

On the morning of September 28, 1986 at about 3:30 a.m. Patrolman Zelby of the Mount Laurel Township Police Department arrested defendant for driving while under the influence of alcohol and took him to the station house. At about 4:15 a.m. Corporal Shepard administered two blood alcohol tests which produced readings of .23. The police told defendant to have someone come and pick him up at the station. They returned his car keys and identification to him. Instead of taking defendant home, his friend drove defendant back to his parked truck which he drove away. While on his way home to Mount Holly, defendant was stopped again at about 5:15 a.m., this time by Patrolman Plunkett of the Mount Laurel police, for driving while under the influence of alcohol in violation of *N.J.S.A.* 39:4–50. He was again taken to the police station where Corporal Shepard again administered two breathalyzer tests. These tests produced readings of .21 and defendant was charged a second time.

As noted, the Municipal Court judge convicted defendant of both offenses. The Law Division judge on the appeal *de novo*

on the record found that the second offense was "part of the same offense" and acquitted defendant of the second offense.

At the plenary trial *de novo* on the record established in the Municipal Court, *R.* 3:23–8, the Law Division judge made these findings:

> I find him guilty on Ticket 35853, driving at 3:30 a.m. On Ticket 3641, driving at 5:13 a.m., I find him not guilty. That is part of the same offense, even though he was at the station and went out. Because if he was—the proof of the first is the disproof of the second, actually. Because if he was so drunk that he was fumbling, that he couldn't get to the letter J in the alphabet, that he got out of the vehicle and swayed and staggered, that he couldn't walk heel to toe, that he almost fell, that he had a .23 blood alcohol at 4:19 a.m. when the test was given, he was too drunk to know that he shouldn't be driving. And they shouldn't have given him his keys and his ID to put him in a position where he could then go out and do it. He should have been kept from driving. And having been permitted to drive in that way, it relates back to the first offense. And I express no opinion as to what the liabilities would have been if he had been released as a drunk and killed someone. He shouldn't have been let out with his own keys at that point because he didn't know what he was doing.
>
> Therefore, as I said, I find him guilty of the offense that took place at 3:30 a.m. and not guilty of the other.

The judge then signed a "judgment of conviction" which stated in pertinent part

> The defendant having appealed a conviction entered by the Municipal Court of the TOWNSHIP of MT. LAUREL on FEBRUARY 3, 1987, and this Court having conducted a plenary trial de novo on the record, and this court having rendered a judgment of guilty on the charge of violating *N.J.S.A.* 39:4–50 DRIVING UNDER THE INFLUENCE.
>
> It is on this 9th day of June, 1987, ORDERED and ADJUDGED that the defendant be and is sentenced MOTION BY MS. NANCY GRAHAM, ESQ., DEFENSE ATTY. TREAT THE TWO MOTOR VEHICLES SUMMONS AS ONE OFFENSE—GRANTED. COURT FINDS DEFENDANT "GUILTY" OF TICKET # 3583 AND "NOT GUILTY" OF TICKET # 3641.

■ This acquittal was erroneous and contrary to binding precedent. *State v. Metcalf,* 166 *N.J.Super.* 46 (App.Div.1979), is indistinguishable. In *Metcalf* defendant was charged while driving under the influence of alcohol twice in the same night. On that appeal defendant also contended that he was guilty on a single offense because his inebriation was a single event. We rejected that argument and said

> Defendant engaged in two driving incidents; one prior to the time he was arrested in Franklin Township, the other after his release for the first charge, for driving in Bridgewater Township. Had defendant's journey not been interrupted, he probably could not have been guilty of more than one offense, notwithstanding passing through more than one municipality. The interruption of the journey by the first arrest prevents the driving of the vehicle from being regarded legally as a single unitary offense. [*Id.* at 48, citations omitted].

Our Supreme Court has "consistently applied double jeopardy principles which accord with the federal constitution because its language is broader than our own state constitution's double jeopardy clause." *State v. Barnes,* 84 *N.J.* 362, 370 (1980). The two clauses are therefore effectively "coextensive in principle and scope." *State v. Farmer,* 48 *N.J.* 145, 168 (1966), *cert.* den. 386 *U.S.* 991, 87 *S.Ct.* 1305, 18 *L.Ed.*2d 335 (1967); *Benton v. Maryland,* 395 *U.S.* 784, 89 *S.Ct.* 2056, 23 *L.Ed.*2d 707 (1969). Under our Rules of Appellate Practice the State may only appeal "a judgment of the trial court dismissing an indictment, accusation or complaint, where not precluded by the constitution of the United States or of New Jersey." *R.* 2:3–1(b); *Pressler, Current N.J. Court Rules* Comment *R.* 2:3–1.

We conclude that both State and Federal authorities go against the State's claim that the Municipal Court's judgment of guilty for the second offense should be reinstated by this court. In *State v. McKelvey,* 142 *N.J.Super.* 259 (App.Div. 1976), defendant was convicted in the municipal court of driving while under the influence of intoxicating liquor on a restricted service road at the Newark Airport. After a *de novo* trial on the record on appeal to the former County Court, defendant prevailed. The County Court entered a judgment of acquittal on the ground that defendant had not been operating the vehicle on a public road. We concluded "that the State's appeal must be dismissed for lack of jurisdiction." *Id.* at 260. We stated

> Here the judgment of acquittal was on the merits after a trial and [the appeal] is not appropriate. Contrary to the State's contention, the court's action was not based on a procedural ground or one that can be equated with such a ground. The fact that the acquittal was granted for a legal reason, rather than

on the basis of a factual determination, does not alter the result. This is so whether or not the trial judge may have erred in his ruling. [*Id.* at 261].

*See also Newark v. Pulverman,* 12 *N.J.* 105 (1953); *Paramus v. Martin Paint,* 128 *N.J.Super.* 138 (App.Div.1974). We held in *State v. Gadson,* 148 *N.J.Super.* 457, 464 (App.Div.1977), that a technically illegal verdict "does not give rise to the right of the State to appeal; this because, as a general rule, legal errors which result in an acquittal do not remove the bar to the State's right to appeal that acquittal." *See Fong Foo v. United States,* 369 *U.S.* 141, 82 *S.Ct.* 671, 7 *L.Ed.*2d 629 (1962) (a verdict of acquittal, though erroneous legally, is final and could not be reviewed).

In *United States v. Scott,* 437 *U.S.* 82, 98 *S.Ct.* 2187, 57 *L.Ed.*2d 65 (1978) (dismissal for speedy trial violation not an acquittal), Chief Justice Rehnquist observed

[T]he fact that "the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles," *ibid.,* affects the accuracy of that determination, but it does not alter its essential character. By contrast, the dismissal of an indictment for preindictment delay represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation. [*Id.* at 98, 98 *S.Ct.* at 2197].

In *Sanabria v. United States,* 437 *U.S.* 54, 98 *S.Ct.* 2170, 57 *L.Ed.*2d 43 (1978), decided the same day as *Scott,* Justice Marshall observed that the principle of the bar of prosecution by an acquittal was so fundamental to double jeopardy jurisprudence that "this rule is manifested by its explicit extension to situations where an acquittal is based upon an egregiously erroneous foundation." *Id.* at 64, 98 *S.Ct.* at 2178. We reject the State's contention that the Law Division judge's verdict of acquittal was simply a termination of the proceedings below on legal grounds unrelated to the merits, and thus appealable. The Law Division judge found defendant "not guilty" after the matter was submitted to him on the merits and two days later signed a judgment of "not guilty." As Justice Marshall said in *Sanabria,* "[w]hile form is not to be exalted over substance in determining the double jeopardy consequences of a ruling terminating a prosecution, [citations omitted], neither is it appro-

priate entirely to ignore the form of order entered by the trial court." 437 *U.S.* at 66, 98 *S.Ct.* at 2180. The order in *Sanabria* declared the defendant "acquitted" after a motion to strike key evidence was erroneously decided in his favor. "The judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error." *Id.* at 69, 98 *S.Ct.* at 2181.

Appeal dismissed.