645 A.2d 151

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. RICHARD CUNEO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 4, 1994—Decided July 5, 1994.

Before Judges KING, HAVEY and ARNOLD M. STEIN.

*Christopher H. Riley, Jr.,* attorney for appellant (*James R. Swift,* of counsel and on the brief).

*Basile, Testa & Testa,* attorneys for respondent (*Harold U. Johnson, Jr.,* of counsel and on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

This case concerns the application of the doctrine of double jeopardy where a defendant charged with DWI and other motor vehicle offenses submits to a municipal court trial on the sole issue of operation. We conclude that jeopardy attached to the proceeding. The State cannot appeal an adverse determination and, if successful, seek to retry the defendant after the adjudication of nonoperation is made. The adjudication of nonoperation was tantamount to a judgment of acquittal.

On May 9, 1992 defendant was arrested and charged with driving while intoxicated (*N.J.S.A.* 39:4–50), failure to use headlights (*N.J.S.A.* 39:3–47), driving on the revoked list (*N.J.S.A.* 39:3–40), driving without a license (*N.J.S.A.* 39:3–10), and possessing an open container of alcohol in a vehicle (*N.J.S.A.* 39:4–51a). Defendant pleaded not guilty and asserted that he was not the driver of the vehicle. At a hearing in Millville Municipal Court, the judge found that defendant was not the operator of the vehicle. The State appealed pursuant to *R.* 3:24(b). The law division judge reversed the finding of the municipal judge. He found that the decision was against the weight of the evidence and ordered a new trial. On October 18, 1992 we granted defendant's motion for leave to appeal. *R.* 2:2–3(b); *R.* 2:5–6. We conclude that this order was in error because the original proceeding was a trial on the issue of operation and jeopardy attached, precluding a retrial.

On May 8, 1992 defendant and a friend left defendant's home in his father's truck, a pick-up with a cab on the rear. The friend drove the truck to a bar in Richland, Atlantic County. Defendant testified that he let his friend drive because defendant was not a licensed driver. At about 7 p.m., defendant and his friend left that bar and drove to the Third Ward Tavern in Millville, Cumberland

County. Sometime after this, defendant's friend left the Third Ward Tavern in his wife's car.

According to defendant, he gave the keys to the truck to Dave Byron, a bartender at the Third Ward Tavern, while inside the bar. Byron had offered to drive defendant back to Byron's house. Defendant explained that he wanted to make sure he did not drive. Defendant drank about twelve to fifteen beers that night.

At about 2 a.m., defendant left the Third Ward Tavern. He entered his father's truck with Byron, Keith Ross, a friend of the defendant's, and an individual referred to only as John. Ross got into the rear of the truck. Byron drove and John and defendant rode in the front. The four proceeded to Byron's house.

Millville police officers noticed the truck travelling behind their police car. According to the officers' testimony, the truck had its lights turned off. The police officers pulled to the side of the road and allowed the truck to pass on the left. They then pulled the truck over.

Both police officers identified defendant as the driver of the vehicle. One of the police officers explained that defendant was wearing a hat when the truck passed them and defendant still had it on after the truck had been stopped. Defendant testified he did not wear a hat. Neither officer noticed any movement in the front portion of the truck after it had stopped. The police officers testified that their view of the occupants, from the rear, was unobstructed. As the police officers approached the vehicle, they saw defendant in the driver's seat. They both stated that defendant did not deny being the operator of the motor vehicle at the scene. The officers asked defendant to leave the vehicle and arrested defendant.

A third officer, Watson, arrived at the scene after the truck had been stopped. Officer Watson was called to the scene because he was in charge of the DWI patrol. According to Watson, defendant did state to him that he was not the operator of the truck.

Defendant testified he fell asleep during the ride and awoke to hear somebody yell, "Move, move, move, move." Defendant explained he felt poking in his side. Defendant described how Byron had jumped over him from the driver's seat and moved defendant into the driver's seat. Defendant pointed to the fact that he had to replace the knobs on the dashboard because they had been kicked off as evidence of this movement. According to defendant, the truck did not have a console and or gear shift on the floor which might hinder such a change in positions. Ross corroborated defendant's account. Upon completion of the witness' testimony, the municipal judge stated:

> All right, gentlemen. I'm going to tell you, I don't think I need to wait and have [a] brief or anything like that. I've heard the testimony and usually there's certainly a lot of reason for people to lie under circumstances of this nature. But I've heard the testimony. I've heard Mr. Cuneo and I believe him, just as clear as it can be. I just believe him having heard his testimony today. I believe that he was highly intoxicated and that somebody moved him at the time. Ordinarily there are many circumstances when people come here, and I hear a lot of misrepresentations as to what happened, but it's the obli—it'd be the obligation of the State to prove the case beyond a reasonable doubt, operation certainly is one of those, and I'm going to grant the motion at this time by the—or the probable cause hearing—I'm going to grant the motion to suppress which would be the—Are we deal—Was it a motion to suppress, Mr. Johnson [municipal prosecutor],—
>
> MR. JOHNSON: Yes, Your Honor. It would essen—
>
> THE COURT: All right.
>
> MR. JOHNSON: It would effectively be a motion.
>
> THE COURT: I'll grant—
>
> MR. JOHNSON: I mean the—
>
> THE COURT: It's a mot—
>
> MR. JOHNSON: —State cannot proceed on the tickets if, in fact, the court is making that finding that the defendant was not operating the motor vehicle.

The prosecuting attorney appealed the municipal court judge's finding pursuant to *R.* 3:24(b), "Appeals From Orders In Courts of Limited Criminal Jurisdiction." The rule states, in pertinent part: "The prosecuting attorney may appeal, as of right, a pretrial or post-trial judgment dismissing a complaint and, notwithstanding the provisions of paragraph (a), an order suppressing evidence entered in a court of limited criminal jurisdiction." *R.* 3:24(b). The Law Division judge treated this as an appeal from a pretrial

ruling, probably, at least in part, because the municipal judge and the attorneys had referred to the proceeding in municipal court as a "probable cause" hearing. The record is unclear about why the trial was on the issue of operation alone. We infer from the record that if defendant had been adjudicated the operator, he was prepared to concede the other elements of the offense. Naturally defendant claimed on the appeal to the Law Division that a retrial would subject him to double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This requirement is applicable to the states through the Fourteenth Amendment. New Jersey has consistently applied double jeopardy principles in accordance with the federal Constitution because its language is broader than New Jersey Constitution's double jeopardy clause. *See State v. Catanoso*, 269 *N.J.Super.* 246, 264, 635 *A.2d* 512 (App.Div.), *certif. denied*, 134 *N.J.* 563, 636 *A.2d* 521 (1993).

The Double Jeopardy Clause serves three purposes: it protects against (1) second prosecution of an offense after acquittal of the same offense; (2) second prosecution of an offense after conviction of the same offense; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 *U.S.* 711, 717, 89 *S.Ct.* 2072, 2076, 23 *L.Ed.2d* 656, 664–65 (1969). We are concerned with the first purpose.

Jeopardy attaches to a defendant in a nonjury trial when the first witness is sworn. *State v. Lynch*, 79 *N.J.* 327, 341, 399 *A.2d* 629 (1979). Once a defendant has been placed in jeopardy, the doctrine precludes any retrial. *Id.* at 340–41, 399 *A.2d* 629; *State v. Smith*, 21 *N.J.* 326, 332–33, 121 *A.2d* 729 (1956) (State can make no motion for a new trial nor appeal from a verdict of acquittal regardless of how flagrantly such verdict may be against weight of evidence). Even if the trial judge "misconstrues" the law and "misunderstands the proofs and the State's theory of criminal liability," the disposition is "an adjudication on the mer-

its" and is not appealable by the State. *State v. Collette*, 257 *N.J.Super.* 557, 562–63, 608 *A.*2d 990 (App.Div.1992), *certif. denied*, 133 *N.J.* 430, 627 *A.*2d 1136 (1993).

The State contends that the original proceeding was simply a probable cause hearing, not a trial. *See State v. War*, 38 *N.J.Super.* 201, 205, 118 *A.*2d 553 (Cty.Ct.1955) (preliminary hearing not a trial). The State supports this claim with the argument that all parties involved referred to the proceeding as a probable cause hearing. However, it is the substance of that hearing and not the label which controls. In *State v. Collette, supra*, 257 *N.J.Super.* at 562, 608 *A.*2d 990, *quoting United States v. Martin Linen Supply Co.*, 430 *U.S.* 564, 571, 97 *S.Ct.* 1349, 1354–55, 51 *L.Ed.*2d 642, 651 (1977), *certif. denied*, 133 *N.J.* 430 (1993), we said: " 'the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' "

The purpose of the municipal court proceeding was to determine if defendant drove the vehicle. Regardless of the name used for the hearing, the proceeding concerned an element of the crime charged—operation of a vehicle—and the State failed to establish this element. This proceeding was a bifurcated trial on an element of the offense. Jeopardy attached and defendant cannot be retried for any of the offenses charged in which operation of the vehicle was an element.

The municipal court judge found that defendant did not operate the vehicle. Whether that finding was correct or not, jeopardy attached. Our federal Supreme Court has "emphasized that what constitutes an 'acquittal' is not controlled by the form of the judge's action." *United States v. Martin Linen Supply Co., supra*, 430 *U.S.* at 571, 97 *S.Ct.* at 1354, 51 *L.Ed.*2d at 651; *see State v. Costello*, 224 *N.J.Super.* 157, 162–63, 539 *A.*2d 1258 (App.Div.), *certif. denied*, 111 *N.J.* 596, 546 *A.*2d 519 (1988). The charges for violations of *N.J.S.A.* 39:4–50, *N.J.S.A.* 39:3–47, *N.J.S.A.* 39:3–40, and *N.J.S.A.* 39:3–10 must be dismissed. The only charge which remains is the open-container charge. Since

the municipal judge did not rule on that charge, it must be remanded for trial in the municipal court.

Reversed and remanded.