762 A.2d 323 (2000)
335 N.J. Super. 352
STATE of New Jersey, Plaintiff-Appellant,
v.
Ross LEFKOWITZ, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 2000.
Decided December 6, 2000.
*324 Robert J. Hawkes, Assistant Somerset County Prosecutor, argued the cause for appellant (Wayne J. Forrest, Somerset County Prosecutor, attorney; Craig Voorhees, Assistant Prosecutor, of counsel and on the brief).
Marcia Blum, Assistant Deputy Public Defender, argued the cause for respondent (Ivelisse Torres, Public Defender; Ms. Blum, of counsel and on the brief).
Before Judges STERN, COLLESTER and FALL.
The opinion of the court was delivered by STERN, P.J.A.D.
Tried to a jury defendant was convicted of possession of a controlled dangerous substance with intent to distribute (cocaine), N.J.S.A. 2C:35-5a(1) -5b(2) (count one) and possession of cocaine, N.J.S.A. 2C:35-10a(1) (count two). After the jury initially returned a verdict, indicating that defendant possessed "one-half (½) ounce or more" of cocaine with intent to distribute, the trial judge, at the request of the defendant and over the State's objection, again instructed the jury to consider whether defendant intended to distribute at least 1/2 ounce of cocaine and to "focus on the amount that he intended to distribute, was that one-half ounce or more."[1] The jury *325 answered in the negative. As a result, the judge concluded that defendant had been convicted of the third degree crime of possession with intent to distribute, and sentenced him thereon to four years in the custody of the Commissioner of Corrections. Count two was merged therein, and defendant was also sentenced to 30 days on a disorderly persons conviction, as found by the trial judge, for possession of marijuana.
The State appeals, arguing that "defendant's conviction for second degree possession of cocaine with intent to distribute must be reinstated."[2] Defendant cross-appeals and challenges the sentence imposed. Following initial oral argument, by letter to counsel, dated July 11, 2000, the parties were requested "to file briefs on the issue of double jeopardy as it relates to the State's appeal." The parties did so. At the second argument, we further questioned counsel about the State's right to appeal independent of any jeopardy preclusion. Neither counsel requested a further opportunity to brief that question. We now dismiss the State's appeal and reject the defendant's cross-appeal, thereby affirming the judgment as entered.
Rule 2:3-1 governs the right of the State to appeal. It provides:
2:3-1. Appeal by the State in Criminal Actions
In any criminal action the State may appeal or where appropriate, seek leave to appeal pursuant to R. 2:5-6(a):
....
(b) to the appropriate appellate court from: (1) a judgment of the trial court dismissing an indictment, accusation or complaint, where not precluded by the constitution of the United States or of New Jersey; (2) an order of the trial court entered before trial in accordance with R. 3:5 (search warrants); (3) a judgment of acquittal entered in accordance with R. 3:18-2 (judgment n.o.v.) following a jury verdict of guilty; (4) a judgment in a post-conviction proceeding collaterally attacking a conviction or sentence; (5) an interlocutory order entered before, during or after trial, or, (6) as otherwise provided by law.
Contrary to the contention of the State, the sentence which was imposed was not "illegal" for a third degree crime and, therefore, cognizable under R. 2:3-1(b)(6) or the common law notion that an illegal sentence can be corrected at any time. See, e.g., State v. Murray, 162 N.J. 240, 245-48, 744 A.2d 131 (2000); State v. Mercadante, 299 N.J.Super. 522, 527-28, 691 A.2d 819 (App.Div.), certif. denied, 150 N.J. 26, 695 A.2d 668 (1997); State v. Tavares, 286 N.J.Super. 610, 618-19, 670 A.2d 61 (App.Div.), certif. denied, 144 N.J. 376, 676 A.2d 1091 (1996). Nor, because defendant was deemed convicted of a third degree crime, are we here concerned with a sentence which the Legislature indicated could be appealed by the State, see N.J.S.A. 2C:44-1f(2), and, therefore, cognizable on the State's appeal pursuant to R. 2:3-1(b)(6). See also, e.g., State v. Veney, 327 N.J.Super. 458, 460-62, 743 A.2d 888 (App.Div.2000).
The 1979 amendments to R. 2:3-1 enlarged the State's right to appeal following *326 a series of United States Supreme Court opinions on the subject and adoption of the Code of Criminal Justice. In Part II of its 1979 Report, the Criminal Practice Committee recommended the amendment permitting an appeal from a dismissal of charges, even during trial, "where not precluded by the State or Federal Constitution." See Report of the Supreme Court's Committee on Criminal Practice, reprinted in 103 N.J.L.J. 413, 415-16 (May 3, 1979). In Part III of its 1979 Report, the Committee recommended the adoption of R. 2:3-1(b)(6) to authorize appeals by the State where permitted by law, such as under the N.J.S.A. 2C:44-1f(2) effective September 1, 1979. See id. at 417. However, the Committee did not ask the Court to adopt, and the Court did not adopt, a rule which authorized an appeal by the State for any circumstance not precluded by the State or Federal Constitution. See "Separate Statement" to Criminal Practice Committee Reports, 103 N.J.L.J. 418 (May 3, 1979). R. 2:3-1 limits appeals "coextensively with new trial preclusions due to the federal and state Double Jeopardy Clauses." State v. Barnes, 84 N.J. 362, 367 n. 4, 420 A.2d 303 (1980).[3]
Rule 2:3-1(b) does not authorize this appeal because it is barred by the Double Jeopardy clauses of the State and Federal Constitutions. The appeal does not involve the "dismissal" of the indictment at trial or the equivalent disposition other than on the merits. See, e.g., United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), reh'g denied, 439 U.S. 883, 99 S.Ct. 226, 58 L.Ed.2d 197 (1978). It involves the disposition of a matter following jury verdict on a lesser-included offense, which precludes entry of judgment on the greater offense, see, e.g., Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); State v. Wolf, 46 N.J. 301, 303, 216 A.2d 586 (1966); State v. Costello, 224 N.J.Super. 157, 162-63, 539 A.2d 1258 (App.Div.), certif. denied, 111 N.J. 596, 546 A.2d 519 (1988); see also N.J.S.A. 2C:1-8d, 8e, 2C:1-9, even though the State argues that acceptance of the State's position would require no new trial and mere reinstatement of the original verdict. See United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). See, generally, e.g., State v. Widmaier, 157 N.J. 475, 491-92, 724 A.2d 241 (1999). As a result, the appeal must be dismissed.
In Wilson the Supreme Court of the United States held that the government could appeal where reversal would not require "a second prosecution ... for the same offense" and said that "the constitutional protection against Government appeals attaches only where there is a danger of subjecting the defendant to a second *327 trial for the same offense." 420 U.S. at 336, 95 S.Ct. at 1018, 43 L.Ed.2d at 237. But Wilson involved "a post verdict ruling of law," and dismissal by the trial judge on grounds of pretrial delay. 420 U.S. at 334-35, 352, 95 S.Ct. at 1017-18, 43 L.Ed.2d at 236, 247. It has no application in these circumstances.
When the jury initially delivered its verdict, the judge declined to accept it. After reinstructions and further deliberation, the jury then delivered a verdict which the judge accepted. A jury, even after announcing its verdict, is still a deliberating jury so long as it has not been discharged by the court. State v. Rodriguez, 254 N.J.Super. 339, 348-49, 603 A.2d 536 (App.Div.1992); State v. D'Amato, 218 N.J.Super. 595, 604, 528 A.2d 928 (App.Div.1987). Hence, in this case the "second" verdict actually constituted the only verdict; defendant was convicted of the third degree crime of possession to distribute and acquitted of the second degree offense. In any event, the disposition was on the merits, and the judge did not enter judgment on the third degree crime as a result of a post-verdict motion. As a result, we must dismiss the appeal because it is precluded by the State and Federal Double Jeopardy clauses. See, e.g., United States v. Powell, 469 U.S. 57, 65, 105 S.Ct. 471, 477, 83 L.Ed.2d 461, 468 (1984); Sanabria, supra; State v. Widmaier, supra, 157 N.J. at 492, 500-01, 724 A.2d 241; State v. Barnes, supra, 84 N.J. at 371, 420 A.2d 303. Accordingly, we do not address the issue raised by the State or the propriety of the supplemental charge.
We find no merit to the cross-appeal. R. 2:11-3(e)(2). Accordingly, the judgment is affirmed.
NOTES
[1] The judge instructed the jury as follows:

The attorneys and I have been discussing your answer to the second question on the verdict sheet. And I want to clarify for myself that I understand exactly what you meant when you answered "yes" to the question if you find the defendant guilty on Count One, was the quantity of cocaine that he possessed with intent to distribute one-half ounce or more, including any adulterants or dilutants.
I am going to ask you to return to the jury room and answer that question a second time with either a no or yes answer. Read the question very literally. When you answer no or yes, what I want to know is do you find that the defendant had in his possession at least one-half ounce or more of cocaine that he intended to distribute or to deliver to one or more other persons. That is, focus on the amount that he intended to distribute, was that one-half ounce or more.
It very well may be that you have already answered that question, it may be that you need to deliberate further. But I want you to answer question number two one more time focusing specifically on the amount of cocaine that the defendant intended to distribute or to deliver to other persons. Answer that yes or no and you will be back with us.
[2] At argument before us, the State abandoned its contention that defendant made a knowing, voluntary waiver of his rights under the double jeopardy clauses.
[3] The Barnes Court noted that State v. Lynch, 79 N.J. 327, 399 A.2d 629 (1979), interpreted R. 2:3-1 "to limit the State's right to appeal coextensively with the new trial preclusions due to the federal and state constitutional Double Jeopardy Clauses." The separate statement, supra, noted that Lynch was filed after the Criminal Practice Committee Report with respect to Rule 2:3-1 was finalized, and that permitting the State to appeal whenever constitutionally permissible "would avoid the necessity of reviewing our Rule every time the United States Supreme Court decides a Double Jeopardy case." 103 N.J.L.J. at 418. The Court, however, adopted the Criminal Practice Committee recommendation and went no further. After the 1979 revision to R. 2:3-1 was adopted, the United States Supreme Court decided United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), and, as there is a difference with respect to the multiple prosecution and multiple punishment values of the Double Jeopardy clauses, R. 2:3-1(b)(6), for example, limits the State's right to appeal from "lenient" sentences even though more may be constitutionally permissible. See N.J.S.A. 2C:44-1f(2); R. 2:3-1(b)(6); R. 2:9-3(d); compare United States v. DiFrancesco, supra. We thus read the Rule to be co-extensive with the multi-prosecution, but not multi-punishment cases under the double jeopardy clauses. See also State v. Churchdale Leasing, Inc., 115 N.J. 83, 107, 557 A.2d 277 (1989); State v. Capak, 271 N.J.Super. 397, 403, 638 A.2d 918 (App.Div. 1994) (noting that the doctrine of co-extensivity "evolved ... in the context of multiple prosecutions, not multiple penalties").