782 A.2d 964 (2001)
344 N.J. Super. 544
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert B. MacILWRAITH, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 9, 2001.
Decided October 30, 2001.
*965 David A. Stefankiewicz, Wildwood Crest, attorney for appellant.
David E. Blaker, Acting Cape May Prosecutor, attorney for respondent, (Jeffrey Crawford, Acting Assistant Prosecutor, of counsel and on the brief).
Before Judges PETRELLA, KESTIN and ALLEY.
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant was indicted on three counts of terroristic threats (third degree), N.J.S.A. 2C:12-3, and fourth degree resisting arrest, N.J.S.A. 2C:29-2. Count one of the indictment cited a violation of subsection (b) of the terroristic threats statute, which provides:
A person is guilty of a crime of the third degree if he threatens to kill another with purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out.
Counts two and three of the indictment cited violations of subsection (a) of the statute:
A person is guilty of a crime of the third degree if he threatens to commit any crime of violence with purpose to terrorize another ... or in reckless disregard of the risk of causing such terror....
After a trial to a jury, defendant was convicted of resisting arrest, one of the subsection (a) terroristic threat charges, and lesser-included petty disorderly persons harassment on both the remaining subsection (a) charge and the subsection (b) charge.
The trial court sentenced defendant to a five-year prison term on the terroristic threat conviction, a consecutive term of eighteen months imprisonment with nine months of parole ineligibility on the resisting arrest conviction, a consecutive thirty day county jail term for the harassment conviction based on subsection (b) of the terroristic threats statute, and a concurrent thirty-day county jail term for the remaining harassment conviction based on subsection (a).
Defendant appeals, raising the following issues:
POINT I THE JURY INSTRUCTION AS TO TERRORISTIC THREATS WAS ERRONEOUS; THEREFORE, THE COURT MUST REVERSE DEFENDANT'S CONVICTION OR GRANT A NEW TRIAL.
POINT II THE TRIAL PROOFS WERE INSUFFICIENT TO SUPPORT A CONVICTION FOR TERRORISTIC THREATS AS TO COUNT 2.
POINT III THERE WAS INSUFFICIENT PROOF TO CONVICT DEFENDANT OF RESISTING ARREST IN THE 4th DEGREE.
*966 POINT IV THE STATE'S INTRODUCTION OF "PRIOR BAD ACTS" EVIDENCE WARRANTS A NEW TRIAL.
We reject as meritless defendant's arguments addressed to the sufficiency of the proofs. R. 2:11-3(e)(2). Our examination of the record discloses that the proofs were more than ample to support the jury's verdicts on each of the crimes charged. We discern no error in the trial court's instructions regarding subsection (b) of the terroristic threats statute and accordingly affirm the lesser-included harassment conviction based on that charge as well as the resisting arrest conviction.
We also reject defendant's argument impugning the trial court's handling of a "prior bad acts" issue. The trial court sustained defendant's objection in that regard and gave the jury an appropriate limiting instruction. In the absence of an affirmative showing to the contrary, we assume the jury heeded the court's instruction. See State v. Holloway, 288 N.J.Super. 390, 406, 672 A.2d 734 (App. Div.1996).
The jury charge regarding subsection (a) of the terroristic threats statute was flawed, however. Thus, we reverse in part, vacating the terroristic threat conviction. For an independent reason, we affirm the lesser-included harassment conviction based on subsection (a). We remand for a new trial on the one subsection (a) terroristic threat, count two of the indictment.
An element of a subsection (a) terroristic threat is a threat "to commit any crime of violence." In order for a jury to be properly guided it must be instructed on the qualities of "any crime of violence" the proofs suggest the defendant may have threatened. That is, the elements and definition of any such crimes must be adequately explained to the jury, so that the jury is not left to speculate as to the crimes that might be supported by the evidence. See Model Jury Charges (Criminal), N.J.S.A. 2C:12-3(a) (1991) (providing that the instruction should "set forth and define appropriate crime of violence alleged"). This approach exemplifies a well established principle applying to all matters in which juries are required to determine criminal purpose as an element of the crime charged. See, e.g., State v. Williams, 168 N.J. 323, 339-40, 774 A.2d 457 (2001) (holding that, in respect of charges for possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4, the jury must be instructed regarding the unlawful purposes supported by the proofs); State v. Petties, 139 N.J. 310, 319-20, 654 A.2d 979 (1995); State v. Jenkins, 234 N.J.Super. 311, 316, 560 A.2d 1240 (App. Div.1989); State v. Olivera, 344 N.J.Super. 583, 590-595, 782 A.2d 988, 992-995 (App.Div.2001) (holding the same requirement to apply to the "with a purpose to commit a criminal offense" element of luring or enticing a child, N.J.S.A. 2C:13-6); cf. State v. Wright, 143 N.J. 580, 583, 675 A.2d 216 (1996). The instruction is one of special importance where, as here, the only other convictions that occurred which embodied facts pertinent to the cognate charges were for petty disorderly persons offenses, which are not crimes by definition. See N.J.S.A. 2C:1-4(b).
Although the same flaw existed with regard to both counts charging subsection (a) violations, defendant, having been acquitted on one of them in all respects except for lesser-included harassment, may not be retried for the terroristic threat aspect of that count without violating constitutional guarantees against double jeopardy. See State v. Lefkowitz, 335 *967 N.J.Super. 352, 357-58, 762 A.2d 323 (App. Div.2000). We have concluded that the proofs supported the harassment conviction based on subsection (a) as well as the one based on subsection (b). Therefore, that conviction is also affirmed.
Affirmed in part; reversed in part; remanded for retrial on count two of the indictment.