STATE OF NEW JERSEY IN THE INTEREST OF
R.P., A JUVENILE.

STATE OF NEW JERSEY IN THE INTEREST OF
F.F., A JUVENILE.

Superior Court of New Jersey
Appellate Division

Argued November 26, 1984—Decided December 17, 1984.

Before Judges McELROY, DREIER and SHEBELL.

*Charles M. D'Amico,* Assistant Prosecutor, argued the cause for appellant State of New Jersey (*Harold J. Ruvoldt, Jr.,* Hudson County Prosecutor, attorney; *Kathleen A. Walrod,* Assistant Prosecutor, and *Charles M. D'Amico,* on the brief).

*Martin B. Wallerstein* argued the cause for respondent R.P. (*Greenberg, Feiner, Wallerstein & Benisch,* attorneys; *Martin B. Wallerstein* and *Luis A. Alum,* on the brief).

*Mary Ellen Shiever,* Assistant Deputy Public Defender, argued the cause for respondent F.F. (*Joseph H. Rodriguez,* Public Defender, attorney; *Mary Ellen Shiever,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

The State has filed appeals from the probationary sentences imposed on April 27, 1984 in the cases of the juveniles, R.P. and F.F.

R.P. pled guilty to charges which had he been an adult would constitute two counts of theft (*N.J.S.A.* 2C:20–3a), two counts of robbery (*N.J.S.A.* 2C:15–1), burglary (*N.J.S.A.* 2C:18–2), aggravated assault (*N.J.S.A.* 2C:12–1b(1)), terroristic threats (*N.J.S.A.* 2C:12–3) and a violation of probation (*N.J.S.A.* 2C:45–3).

F.F. pled guilty to what would constitute adult offenses of second degree robbery (*N.J.S.A.* 2C:15–1), theft (*N.J.S.A.* 2C:20–2b(3)) and a violation of probation (*N.J.S.A.* 2C:45–3).

We conclude the State lacks statutory authority to appeal these sentences and therefore we are unable to decide whether the sentencing judge erred in failing to follow the sentencing guidelines of *N.J.S.A.* 2A:4A–44 and impose custodial sentences.

The State has no right to appeal from a sentence in a criminal case except in accordance with express statutory authorization. *United States v. Sanges,* 144 *U.S.* 310, 312, 12 *S.Ct.* 609, 36 *L.Ed.* 445, 446 (1892); *State v. Roth,* 95 *N.J.* 334,

343 (1984); *State v. Watson,* 183 *N.J.Super.* 481, 484 (App.Div. 1982); *State v. Farr,* 183 *N.J.Super.* 463, 469–70 (App.Div. 1982); *see generally* Note, "The Right of State Appeal in Criminal Cases," 9 *Rutgers L.Rev.* 545 (1955). In New Jersey that authority is provided by *N.J.S.A.* 2C:44–1f(2) which states:

> ... If the court does impose sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence *upon conviction for a crime* of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution. (emphasis ours)

We find no legislative authorization in New Jersey for appeals by the State of juvenile sentences. *N.J.S.A.* 2C:44–1f(2) applies by its own terms to sentences imposed "upon conviction for a crime." Under both the old and new juvenile laws a juvenile may be adjudged "delinquent" but not "criminal." *See N.J.S.A.* 2A:4–14 (repealed 1973) and *N.J.S.A.* 2A:4A–23.

The State urges that authority for the instant appeals is derived from *R.* 2:9–3(d). However, this rule provides for staying a sentence when the State appeals under *N.J.S.A.* 2C:44–1f(2) and can only apply where the right to appeal is given to the State. The former Juvenile and Domestic Relations Court Law, provided:

> An appeal may be taken from any final order or judgment of the juvenile and domestic relations court to the appellate division of the superior court. *N.J.S.A.* 2A:4–40 (repealed 1982).

That provision was never interpreted to give the State the right to appeal a juvenile sentence. When the New Jersey Code of Juvenile Justice was enacted, no corresponding section appeared in the law. It is noted in the dispositional table that precedes the Juvenile Code that the subject matter once treated in *N.J.S.A.* 2A:4–40 is now covered by *R.* 2:2–3. *R.* 2:2–3 contains no reference to the State's right to appeal a juvenile's sentence. We find no merit to the argument that the rule by providing for appeals "As of Right" "from final judgments of the [then Juvenile and Domestic Relations Court, now] Superior Court," envisions a right of the State to appeal from juvenile sentences.

Our conclusion that in the absence of a specific statutory grant the State is not entitled to appeal juvenile sentences is consistent with holdings of other states. *See In re Welfare of Watson,* 23 *Wash.App.* 21, 594 *P.*2d 947 (Wash.Ct.App.1979); *C.L.B. v. State,* 567 *S.W.*2d 795, 796 (Tex.1978); *State v. Marshall,* 503 *S.W.*2d 875, 877–78 (Tex.Civ.App.1973); *People v. G.D.K.,* 30 *Colo.App.* 54, 491 *P.*2d 81, 82 (Colo.Ct.App.1971).

The New Jersey courts in keeping with the landmark decision of *In re Gault,* 387 *U.S.* 1, 87 *S.Ct.* 1428, 18 *L.Ed.*2d 527 (1967) have afforded juveniles many protections given adult criminal defendants. *State in the Interest of Carlo,* 48 *N.J.* 224, 236 (1966); *State in the Interest of L.D.,* 174 *N.J.Super.* 263, 267–68 (App.Div.1980), certif. den. 85 *N.J.* 122 (1980); *State in the Interest of T.B.,* 149 *N.J.Super.* 1 (App.Div.1977); *State in the Interest of W.M.,* 147 *N.J.Super.* 24 (App.Div.1977); *State in the Interest of C.B.,* 163 *N.J.Super.* 215, 218 (J.D.R.C.1978). Our Legislature has also recognized the necessity of providing juveniles with fundamental constitutional rights akin to those enjoyed by adult criminal defendants. *See N.J.S.A.* 2A:4A–40. We are unable to conclude however that because these additional rights have been granted to juveniles the State should be accorded the right to appeal a juvenile's sentence absent express legislative authorization. The expansion of the rights and protections ceded to juveniles in both Federal and State Courts is unrelated to any corresponding need to extend the State's right to appeal juvenile sentences.

It is for the Legislature to determine whether the State should have the right to appeal sentences in serious juvenile offenses. In the absence of Legislative action the prosecutor may move in appropriate cases to have the jurisdiction of the Family Court waived and remove the matter to the adult court under *N.J.S.A.* 2A:4A–26.

We dismiss the appeals of the State in these two cases.