728 A.2d 865 (1999)
321 N.J. Super. 292
STATE of New Jersey, Plaintiff-Respondent,
v.
Julio CASTAING, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 21, 1999.
Decided May 25, 1999.
*866 Ivelisse Torres, Public Defender, attorney for defendant-appellant (Abby P. Schwartz, Assistant Deputy Public Defender, on the letter brief).
Patricia A. Hurt, Essex County Prosecutor, attorney for plaintiff-respondent (Maryann K. Lynch, Assistant Prosecutor, on the letter brief).
Before Judges CONLEY, A.A. RODRÍGUEZ and BILDER, J.A.D., retired and temporarily assigned on recall.
The opinion of the court was delivered by: RODRIGUEZ, A.A., J.A.D.
In this appeal, we decide that the holding in State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998), which proscribes intercounty disparity in prosecutorial waivers of mandatory minimum terms required by N.J.S.A. 2C:35-12, also applies to post-conviction sentence agreements. Thus, a defendant convicted of a Section 12 violation is entitled to negotiate a sentence recommendation pursuant to the Attorney General's Guidelines for Negotiating Cases under N.J.S.A. 2C:35-12, (May 20, 1998) (Guidelines). However, these Guidelines provide a more stringent statewide standard for post-conviction sentence agreements than for pretrial agreements.
These are the facts. Following a bench trial, defendant Julio Castaing was found guilty of distribution of cocaine, N.J.S.A. 2C:35-5b(3), and distribution of cocaine while within 1,000 feet of school property, N.J.S.A. 2C:35-7. After merging the convictions, the judge imposed a three-year custodial term with a mandatory three-year period of parole ineligibility.
Two witnesses testified for the State, the first being Essex County Sheriff's Detective Marilyn Ruiz. She testified that, on December 19, 1996 at about 6:20 p.m., she was working undercover in a narcotics investigation. She approached defendant and a young man, later identified as A.S. (a juvenile). Defendant asked her, "what's up girl?" She replied that she was looking for "coke." A.S. said that they had "nickels" and asked her how many she wanted. She bought four. A.S. retrieved four clear vials with orange caps from his groin area and gave them to her. Defendant told Ruiz, "that's 20, give me 20." Ruiz paid them $20. The bill used in this controlled purchase had been previously photocopied.
Ruiz radioed her backup units. The backup officers arrested defendant and Santiago. Ruiz positively identified them as the men involved in the controlled drug purchase. Essex County Sheriff's Detective Eduardo Moreno, a backup detective, searched defendant and A.S. He found $66 on defendant, including the photocopied $20 bill. It is uncontroverted that the area where the drug purchase was made is within 1,000 feet of the St. Columbia school.
Defendant did not testify. He presented A.S. as his witness. A.S. testified that he sold drugs prior to December 19, 1996. He had been arrested for this activity five or six times and convicted four times. A.S. testified that he never worked with or for anyone in his drug business. He recognized Ruiz from prior drug sales to her. On the evening of December 19, he sold her cocaine. Defendant was not involved in the transaction.
According to A.S., his mother had borrowed money from defendant's sister. After the drug sale to Ruiz, A.S. told defendant that he was going to repay the loan. He gave defendant $45 in cash. A.S. conjectures that that is how defendant came to be in possession of the photocopied $20 bill.
Defendant's first contention, raised for the first time on appeal, is that the conviction was against the weight of the evidence. We find that this contention is clearly without merit and does not warrant discussion in a written opinion. R. 2:11-3(e)(2). We note that the findings and conclusions of the trial judge are fully supported by the record. See State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964). Matters of credibility are within the exclusive dominion of the *867 fact finder. State v. Butler, 32 N.J. 166, 196, 160 A.2d 8 (1960), cert. denied, 362 U.S. 984, 80 S.Ct. 1074, 4 L.Ed.2d 1019 (1960). Here, the judge credited the testimony of Ruiz and Moreno and rejected A.S.'s version. Thus, we perceive no error, let alone plain error capable of producing an unjust result. R. 2:10-2.
Defendant next contends that his sentence must be vacated because the Essex County Prosecutor's office refused to extend a plea offer. At the time of defendant's trial in January 1998, it was the policy of the Essex County Prosecutor not to "extend plea offers on charges which involve the distribution of controlled dangerous substances to law enforcement officers within 1000 feet of school property." This policy was confirmed in a letter sent by the County Prosecutor's office to the defense counsel. Thereafter and subsequent to defendant's trial, the Supreme Court decided State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998), which held that the plea and post-conviction agreement guidelines for N.J.S.A. 2C:35-12 must be consistent throughout the State. Thus, prosecutors in different counties could not adopt different guidelines. Id. at 23-24, 706 A.2d 1096. Apparently, the Essex County Prosecutor's policy has now been rescinded in compliance with Brimage.
In its brief, the State does not dispute the existence of the former policy or the application of Brimage. Rather, it argues that, because "defendant was sentenced following a trial rather than a guilty plea, the remedy set forth in Brimage does not apply." We disagree. N.J.S.A. 2C:35-12 allows defendants and prosecutors to agree to a sentence lower than the mandatory minimum by way of pre-trial or post-conviction agreements. The holding in Brimage does not permit intercounty disparity in either plea or post-conviction agreements. However, the Guidelines provide a higher statewide standard for post-conviction agreements. Specifically, Part II, Section F of the Guidelines provides:
Post-Conviction Waivers.
These Guidelines and the Table of Authorized Plea Offers in Part XI apply to pre trial plea offers. A prosecutor shall not tender a post-conviction offer to waive or reduce a mandatory term of imprisonment pursuant to N.J.S.A. 2C:35-12 except in exchange for a defendant's substantial cooperation in accordance with the criteria and provisions of Part X of these Guidelines.
Part X of the Guidelines identifies plea directives based on a defendant's substantial cooperation. See State v. Gerns, 145 N.J. 216, 218, 678 A.2d 634 (1996).
Thus, contrary to the State's assertion here, a defendant who is convicted after a trial is entitled to the Brimage goal of statewide uniformity in post-conviction sentence agreements. If the Prosecutor departs from the post-conviction normative sentence recommendation, the Prosecutor must state on the record the reasons for such departure. Brimage, supra, 153 N.J. at 27, 706 A.2d 1096.
Here, because the Prosecutor would not engage in any negotiations, there is no indication whether defendant was able and willing to provide substantial cooperation to law enforcement in accordance with Part X of the Guidelines. Such cooperation, if possible, would benefit the State as well as defendant. Therefore, although the conviction is affirmed, the sentence is vacated and the matter is remanded in order to provide the parties an opportunity for post-conviction sentencing negotiations pursuant to the Guidelines. If an agreement cannot be reached, the Prosecutor must state the reasons on the record and the judge shall re-impose the original sentence. We do not retain jurisdiction.
The conviction is affirmed, the sentence is vacated and the matter is remanded.