742 A.2d 579 (1999)
326 N.J. Super. 584
STATE of New Jersey, Plaintiff-Respondent,
v.
Cecil COULTER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 6, 1999.
Decided December 27, 1999.
*580 Ivelisse Torres, Public Defender of New Jersey, for defendant-appellant (Susan Green, Assistant Deputy Public Defender, of counsel and on the brief).
Andrew N. Yurick, Gloucester County Prosecutor, for plaintiff-respondent (Joseph H. Enos, Jr., Assistant Prosecutor, of counsel and on the brief).
Before Judges HAVEY, KEEFE, and LINTNER.
The opinion of the court was delivered by KEEFE, J.A.D.
This opinion addresses the procedure to be followed and the applicable standard of review where a defendant challenges a prosecutor's assignment of aggravating and mitigating points during plea negotiations.
Pursuant to a plea agreement, defendant Cecil Coulter pled guilty to first degree possession of cocaine with intent to distribute in violation of N.J.S.A. 2C:35-5b(1) (count two). The plea was entered in return for the State's offer to dismiss the first count of the indictment charging defendant with third degree possession of cocaine in violation of N.J.S.A. 2C:35-10a(1), and the State's recommendation that defendant serve a prison sentence of fifteen years with a parole disqualifier of fifty-six months. The plea negotiations were conducted under the post-Brimage[1] Attorney General Guidelines (the Guidelines). Defendant was sentenced in accord with the plea agreement.
For the first time on appeal, defendant presents the following issue for resolution:[2]
THE STATE'S ERROR IN CALCULATING THE APPROPRIATE PLEA OFFER ACCORDING TO THE ATTORNEY GENERAL'S DRUG LAW GUIDELINES CONSTITUTES AN ARBITRARY AND CAPRICIOUS ABUSE OF PROSECUTORIAL DISCRETION. ACCORDINGLY, THE DEFENDANT'S SENTENCE MUST BE REDUCED TO CONFORM TO THE GUIDELINES.
A. This Court has the authority to review defendant's claim that the State erred in calculating the appropriate plea offer according to the Attorney General Guidelines.
B. The State erroneously applied an aggravating factor and failed to accord the defendant credit for an applicable mitigating factor.
C. The sentence in this case must be modified.
We have determined for the reasons stated herein that no legal error exists warranting our intervention and that the judgment under review must be affirmed.
Defendant, a North Carolina resident, pled guilty to transporting in excess of one pound of cocaine with intent to distribute. He was engaged by a third person in North Carolina to proceed to New York to *581 pick up the cocaine and transport it back to North Carolina where the cocaine would be distributed. In return for his efforts, defendant was to receive $500. He was arrested on January 31, 1998 traveling south on the New Jersey Turnpike. The record reveals that in 1995 defendant was convicted in North Carolina for possession with intent to distribute cocaine (two counts) and for the sale and delivery of cocaine (two counts).
As noted earlier, the plea negotiations were conducted under the Guidelines. Accordingly, a N.J.S.A. 2C:35-12 PLEA NEGOTIATION WORKSHEET (the Worksheet) was prepared by the prosecutor and given to the defendant, as well as the trial judge. This was an initial post-indictment plea offer. Because of the nature of the offense and defendant's prior criminal history, defendant's plea offer fell within Table 5, Row A, Column IV of the Guidelines, which provides for a presumptive parole disqualifier of fifty-four months. The Worksheet assigned six aggravating points against defendant: three for committing the current offense while on bail for a November 18, 1997 arrest in North Carolina and three for being involved in organized criminal activity. No points for mitigating factors were given. Because defendant's worksheet resulted in an assignment of plus six points for aggravating factors, the Guidelines required the prosecutor to make an offer above the presumptive. Guidelines, supra, at 22. In this case, the prosecutor extended a plea offer with a parole disqualifier of fifty-six months, two months above the presumptive, but four months below the mid-range parole disqualifier for that category of offense. Id. at 61.
At the plea hearing, defendant acknowledged receipt of the Worksheet and signed it. He also acknowledged that his attorney had explained it to him. No objection was made then that the prosecutor had assigned inapplicable aggravating factors or failed to assign appropriate mitigating factors. Nor were any such objections made at sentencing.
On appeal, defendant essentially contends that the prosecutor erred in assigning aggravating factor points against him with respect to factor # 4b: "Defendant is involved in organized criminal activity." He also claims error in the prosecutor's failure to utilize mitigating factor # 2a: "Defendant was only a minimal or minor participant in the criminal conduct." Had the subject aggravating factor not been used and the mitigating factor been applied, the sum of the points on the Worksheet would have been zero, thereby qualifying defendant for the presumptive term.
In an effort to explain defendant's failure to raise objection to the prosecutor's actions in the trial court, defendant claims that the Guidelines "deter judicial review at the trial level by mandating that prosecutors object to all efforts by a defendant to bring to the trial court's attention issues involved in the calculation of Aggravating and Mitigating Factors." Defendant misreads the Guidelines.
The Guidelines specifically acknowledge the appropriateness of judicial review of the prosecutor's exercise of discretion. For example, in addressing the subject of the prosecutor's appraisal of the defendant's conduct, the Guidelines state:
A prosecutor is expected to disclose fully and accurately to the court all facts and circumstances pertaining to the defendant's conduct so that the court can properly discharge its responsibilities and appropriately determine whether the proposed disposition of the case is in accord with the policies established in these Guidelines and the requirements of the Court's decision in State v. Brimage, 153 N.J. 1 [706 A.2d 1096] (1998).
[Guidelines, supra, at 5-6.]
The Guidelines warn prosecutors that they can expect trial court review and that they should prepare the Worksheets against charges of arbitrariness in order to facilitate the explanation of "exactly how the *582 prosecutor arrived at the plea offer." Id. at 6. Review of prosecutorial discretion under the "gross and patent abuse of prosecutorial discretion" standard was anticipated. Id. at 8. Prosecutors were advised to object only to a defendant's request for an "evidentiary" hearing to resolve such disputes. The purpose for the objection was to avoid "delay," avoid a defendant's effort to open "a new avenue for discovery not provided for in the Court Rules," and to prevent a defendant from engaging in cross-examination of the State's witnesses in the nature of a "`test' trial." Id. at 9.
Accordingly, we hold that a defendant's objections to the prosecutor's actions should be raised at the trial level in order to afford the prosecutor an opportunity to make a record for appellate review. Where a defendant objects to a prosecutor's assignment of certain aggravating factors to the plea offer, or the prosecutor's failure to credit a defendant with a mitigating factor, we envision a proceeding akin to the non-plenary type hearing conducted in the trial courts where the prosecutor has objected to defendant's entry into a Pretrial Intervention Program. In such event, the prosecutor is expected to show that the decision being challenged was made on a "good faith basis" and "based upon the information available to the prosecutor and reasonable inferences that can be drawn from such information." Id. at 5.
Further, where a timely challenge to the plea offer has been made by the defendant, the trial court should be mindful of the fact that Brimage was not intended to eliminate prosecutorial discretion, but, rather, to establish a uniform system of plea offers and permit a proper review of the exercise of a prosecutor's discretion. Specifically, where a challenge is made similar to the one raised in this case, the appropriate standard of review in such matters should be the same as it is for other situations in which the prosecutor's discretion is similarly reviewable by a court. That is, the defendant must show by clear and convincing evidence that the prosecutor's challenged decision reflects a gross and patent abuse of discretion because the facts upon which the prosecutor relied to assess an aggravating factor do not, under any reasonable interpretation, support the factor, or because the prosecutor clearly overlooked certain facts that indisputably would constitute a mitigating factor. See State v. Vasquez, 129 N.J. 189, 196, 609 A.2d 29 (1992) (establishing the clear and convincing burden of proof standard for pleas pursuant to N.J.S.A. 2C:35-12) and State v. Nwobu, 139 N.J. 236, 247, 253-54, 652 A.2d 1209 (1995) (discussing the gross and patent abuse of discretion standard in the pretrial intervention context where the prosecutor has considered all relevant factors and has not considered irrelevant factors, but defendant disagrees with the conclusions arrived at from the facts at the prosecutor's disposal, i.e. a clear error in judgment).
As difficult as it may be to apply this standard of review to discretionary prosecutorial decisions in the trial court, it is nearly impossible to apply at the appellate level where the issue was never presented in the trial court. The plain error rule, however, permits an appellate court to consider an issue not presented in the trial court under certain circumstances. R. 2:10-2.
Our review of the record before us, however, fails to establish the presence of plain error in this case. Notably, defendant admitted at the plea hearing that he was "running drugs" for hire on behalf of another person who defendant knew would be distributing those drugs to others upon defendant's return to North Carolina. Further, defendant's record revealed that he had been convicted only a few years before for distributing cocaine. The Presentence Report stated that defendant denied using drugs and became "involved in cocaine distribution to supplement is income." His statement to the probation officer and his prior record can be interpreted *583 to reflect involvement in distributing cocaine on more than a one-time basis. Thus, it was not patently unreasonable for the prosecutor to conclude that defendant was familiar with drug distribution and also knew that he was participating in organized criminal activity. Based on the same facts, it was not unreasonable to conclude that defendant's participation was not solely as a "mule" on an "isolated" occasion, which would have entitled him to mitigating points. Guidelines, supra, at 39. Because the prosecutor's conclusions were reasonably based upon the record as it appears before us, we find no patent or gross abuse of discretion.
Affirmed.
NOTES
[1] State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998).
[2] The matter was initially placed on the court's excessive sentence oral argument calendar but removed for briefing.