743 A.2d 888 (2000)
327 N.J.Super. 458
STATE of New Jersey, Plaintiff-Appellant,
v.
Edward VENEY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted October 18, 1999.
Decided January 21, 2000.
Andrew N. Yurick, Gloucester County Prosecutor, for plaintiff-appellant (Donald C. Brown, Assistant Prosecutor, on the brief).
Ivelisse Torres, Public Defender,for defendant-respondent (Susan Green, Assistant Deputy Public Defender, on the brief).
Before Judges KEEFE, A.A. RODRÍGUEZ and LINTNER.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
In this case the State, claiming a mistake in the determination of the authorized plea offer, seeks to appeal the denial of its motion to withdraw the offer after defendant Edward Veney accepted it by pleading guilty. Defendant has been sentenced. The sentence imposed is consistent with the plea agreement. We dismiss *889 the appeal because defendant has commenced serving the sentence and thus, we have no jurisdiction to consider this appeal.
In the early morning hours of May 8, 1998, Paulsboro police officers searched defendant's home pursuant to a search warrant. The search revealed an amount of cocaine, drug paraphernalia, and currency. Following his arrest, defendant was charged with: (1) use or possession to use drug paraphernalia, N.J.S.A. 2C:36-2; (2) failure to turn over a controlled dangerous substance to the nearest law enforcement officer, N.J.S.A. 2C:35-10c; (3) possession of cocaine, N.J.S.A. 2C:35-10a; (4) possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a; and, (5) possession of cocaine with intent to distribute while within 1,000 feet of school property, N.J.S.A. 2C:35-7.
Pursuant to an agreement, defendant entered a plea of guilty to third degree possession of cocaine with intent to distribute while within 1,000 feet of school property. In exchange, the State recommended a custodial three-year sentence with a twenty-two month period of parole ineligibility and dismissal of the remaining charges.
Before sentencing, the State moved to vacate the plea agreement on the grounds that its sentence recommendation was based on its miscalculations in making an offer pursuant to the Attorney General's Guidelines (Guidelines), see State v. Brimage, 153 N.J. 1, 706 A.2d 1096 (1998). According to the State, two errors were made. First, although defendant was eligible for an extended term, he was placed in the highest prior record category in the Guidelines Worksheet. Second, the laboratory report could have been interpreted to indicate that defendant had committed a second degree offense. The Assistant Prosecutor argued that if these factors had been accurately reflected in the Worksheet, the Guidelines required that defendant receive a ten-year base term with a forty-eight month minimum term. The judge denied the motion and declined to exercise his discretion to reject the plea agreement.
On appeal the State contends that: (1) it can set aside or withdraw from a negotiated plea agreement after defendant accepted it because its offer was based upon miscalculations under the Guidelines factors; and, (2) the judge should have rejected the plea offer because it called for an illegal sentence.
At the outset, we note that absent explicit statutory authority, the State has no right to appeal a sentence. State v. Cannon, 128 N.J. 546, 573 n. 13, 608 A.2d 341 (1992) (citing State v. Watson, 183 N.J.Super. 481, 483, 444 A.2d 603 (App. Div.), certif. denied, 91 N.J. 530, 453 A.2d 853 (1982)); State in Interest of R.P., 198 N.J.Super. 105, 106-07, 486 A.2d 873 (App. Div.1984). Even if statutory authority exists, the State's right to appeal a discretionary sentence is restricted. See State v. Faunce, 244 N.J.Super. 499, 501-02, 582 A.2d 1268 (App.Div.1990). R. 2:3-1(b) only allows the State to appeal from "a judgment in a post-conviction proceeding collaterally attacking a conviction or sentence." R. 2:3-1(b)(4). However, a direct appeal of a discretionary sentence is permitted by N.J.S.A. 2C:44-1(f)2 in certain circumstances which are not applicable here.
These restrictions of the State's right to appeal rest upon the principle that appeals of sentences implicate the Double Jeopardy Clauses of the federal and state constitutions, U.S. Const. amend V; N.J. Cons. art. I, ¶ 11. See State v. Roth, 95 N.J. 334, 344-45, 471 A.2d 370 (1984). "[T]he touchstone of the double jeopardy analysis lies in the expectation of finality that a defendant vests in his sentence." State v. Sanders, 107 N.J. 609, 619, 527 A.2d 442 (1987). A defendant's legitimate interest in the finality of the sentence arises after final judgment and commencement of the sentence. State v. Ryan, 86 N.J. 1, 9, 429 A.2d 332 (citing State v.Laird, *890 25 N.J. 298, 306-07, 135 A.2d 859 (1957)), cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981). Once double jeopardy attaches, it "prohibits the increase of the term imposed in a discretionary sentence." State v. Kirk, 243 N.J.Super. 636, 642, 581 A.2d 115 (App. Div.1990).
Although we dismiss the appeal, the following observations are in order. The goal of the Guidelines is to promote uniformity and eliminate disparity. Brimage, supra, 153 N.J. at 23-24, 706 A.2d 1096. The Guidelines warn prosecutors that they should prepare the worksheet so that they can meet charges of arbitrariness. State v. Coulter, 326 N.J.Super. 584, 742 A.2d 579 (App.Div.1999). In short, the State must show how it arrived at the normative sentence recommendation. Brimage, supra, 153 N.J. at 5-6, 706 A.2d 1096; State v. Castaing, 321 N.J.Super. 292, 297, 728 A.2d 865 (1999). A mistake in the application of the Guidelines obviously does not promote the goal of uniformity. Therefore, if a judge is satisfied that the State has made an honest mistake in determining the terms of a plea offer, there is no reason why the State should not be permitted to withdraw the offer, provided the application is made before the date of sentence.
We also observe that the State's contention that the sentence imposed here is illegal is inaccurate. An "illegal" sentence is inconsistent with the requirements of the controlling sentencing statute or constitutional principles. State v. Flores, 228 N.J.Super. 586, 591-92, 550 A.2d 752 (App.Div.1988). It is true that N.J.S.A. 2C:35-12 requires the imposition of a mandatory minimum term higher than the twenty-two month period imposed here. However, that same section also provides that a lesser minimum term can be imposed when "the defendant has pleaded guilty pursuant to a negotiated agreement." N.J.S.A. 2C:35-12. That is precisely the situation here. Thus, the sentence imposed is not illegal.
The appeal is dismissed.