NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2530-16T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

SUSAN HYLAND,

    Defendant-Respondent.

_____

> APPROVED FOR PUBLICATION
>
> November 21, 2017
>
> APPELLATE DIVISION

> Argued October 2, 2017 — Decided November 21, 2017
>
> Before Judges Messano, O'Connor and Vernoia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-06-1879.
>
> Linda A. Shashoua, Assistant Prosecutor, argued the cause for appellant (Mary Eva Colalillo, Camden County Prosecutor, attorney; Ms. Shashoua, of counsel and on the brief).
>
> Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Ms. Lerer, of counsel and on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

The State appeals from a judgment of conviction sentencing defendant Susan Hyland to special Drug Court probation, N.J.S.A.

2C:35-14.  Because we conclude that we lack jurisdiction to consider the State's appeal, we dismiss the appeal.

In March 2016, an automobile driven by defendant struck sixteen-year-old Q.T. as he walked across a roadway.  Q.T. suffered spinal injuries that later caused his death.  Defendant, who did not have a valid driver's license, did not stop or call the police.  She took no action to get assistance for Q.T.  Instead, she fled the scene and went to a friend's house, where they discussed burning her badly damaged automobile and reporting that it was stolen.

Defendant's niece, who was in the car when Q.T. was struck, called the police, reported the incident and identified defendant as the driver.  The police determined defendant's location, found the automobile and arrested her.

Defendant was charged in an indictment with second-degree knowingly leaving the scene of a fatal motor vehicle accident, N.J.S.A. 2C:11-5.1, third-degree causing death while driving with a suspended or revoked license, N.J.S.A. 2C:40-22(a), and third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2(a).

The Camden County Prosecutor's Office recommended against defendant's admission into Drug Court.  The State determined defendant was legally ineligible for a special probation Drug

Court sentence because it could not find that defendant "would not be a danger to the community if placed" in Drug Court. See N.J.S.A. 2C:35-14(a)(9). The State claimed "it is impossible to find that . . . defendant is the type of non-violent offender for which [D]rug [C]ourt was intended." Defendant appealed the State's determination.

The court ordered that defendant undergo a substance abuse evaluation, which revealed defendant suffered from five substance abuse disorders. The evaluator recommended that defendant undergo intensive treatment and concluded defendant was clinically eligible for admission into Drug Court.

Over the State's objection, the court determined defendant was legally eligible for special probation.[1] The court observed that defendant was not charged with causing Q.T.'s death, but instead for her actions after Q.T. was struck. The court found that although defendant was not charged with driving while intoxicated, there was a connection between defendant's

---

[1] Special probation is one of two tracks for admission to Drug Court. State v. Bishop, 429 N.J. Super. 533, 540 (App. Div. 2013), aff'd o.b., 223 N.J. 290 (2015). Special probation is available to "prison-bound offenders, who would not [otherwise] be eligible for regular probation." Ibid. An offender may also be admitted to Drug Court under a separate track for those eligible for regular probation. Ibid. Here, defendant's admittance to Drug Court was through the court's imposition of a sentence of special probation. See N.J.S.A. 2C:35-14 (defining standards for a special probation Drug Court sentence).

substance abuse and the commission of the offenses. The court considered defendant's prior record, noting her last criminal conviction was sixteen years earlier in 2000 for criminal trespass, and her "slew of arrests and convictions" for motor vehicle and disorderly persons offenses. The court found that defendant's prior record and "terrible choices" after Q.T. was accidentally struck did not establish that she would be a danger to the community if she was admitted to Drug Court. The court entered an order finding defendant was legally eligible for a special probation Drug Court sentence under N.J.S.A. 2C:35-14.

Defendant pleaded guilty to the charges in the indictment without the benefit of a negotiated plea agreement. The State reserved its right to object to defendant's admission into Drug Court at sentencing.

At sentencing, the court merged defendant's conviction for third-degree endangering an injured victim with her conviction for second-degree knowingly leaving the scene of a fatal motor vehicle accident. The court sentenced defendant to concurrent five-year special probation Drug Court terms on her convictions. The court denied the State's motion for a stay of sentence pending the State's appeal of defendant's Drug Court sentence.

Three weeks later, the court granted defendant's motion for post-conviction bail pending appeal and released defendant on

her own recognizance with the condition that she remain in an inpatient substance abuse treatment facility until further court order. We granted the State's request for a stay of execution of defendant's sentence pending the State's appeal.

On appeal, the State makes the following argument:

POINT I

THIS COURT SHOULD REVERSE THE LAW DIVISION'S SPECIAL PROBATION SENTENCING OF DEFENDANT AS A TRACK ONE DRUG COURT OFFENDER AS, AFTER KILLING THE VICTIM, DEFENDANT'S PARTICIPATION IN DRUG COURT PRESENTS A RISK TO PUBLIC SAFETY AND OFFENDS THE PRINCIPLES OF THE DRUG COURT PROGRAM.

The State argues that a proper assessment of defendant's danger to the community is required under N.J.S.A. 2C:35-14(a)(9), and the court's error in its assessment of the danger requires reversal of defendant's Drug Court sentence. Defendant argues we cannot address the merits of the State's contention because we do not have jurisdiction to hear the State's appeal of the court's sentence.

Rule 2:3-1(b) governs the right of the State to appeal in a criminal proceeding. In pertinent part, it permits the State to "appeal or where appropriate, seek leave to appeal" from:

(1) a judgment of the trial court dismissing an indictment, accusation or complaint, where not precluded by the constitution of the United States or of New Jersey; (2) an order of the trial court entered before trial in accordance with [Rule] 3:5 (search

A-2530-16T2

warrants); (3) a judgment of acquittal entered in accordance with [Rule 3:18-2] (judgment n.o.v.) following a jury verdict of guilty; (4) a judgment in a post-conviction proceeding collaterally attacking a conviction or sentence; (5) an interlocutory order entered before, during or after trial, or, (6) as otherwise provided by law.

[R. 2:3-1(b).]

"Sentencing appeals by the State implicate the prohibitions against multiple punishments incorporated in the double jeopardy provisions of the Federal and State Constitutions." State v. Johnson, 376 N.J. Super. 163, 171 (App. Div.), certif. denied, 183 N.J. 592 (2005). Rule 2:3-(b)(6) permits the State to appeal as "provided by law." Thus, the State has authority to appeal a sentence where there is "explicit statutory authority" granting the State the right to appeal. State v. Veney, 327 N.J. Super. 458, 460 (App. Div. 2000); accord State v. Cannon, 128 N.J. 546, 573 n.13 (1992); State v. Roth, 95 N.J. 334, 343 (1984).

Rule 2:3-1(b)(6) also authorizes the State's appeal of an illegal sentence. State v. Lefkowitz, 335 N.J. Super. 352, 356 (App. Div. 2000), certif. denied, 167 N.J. 637 (2001). The State "ha[s] the authority, if not the duty, to appeal" an illegal sentence. State v. Leslie, 269 N.J. Super. 78, 86 (App. Div. 1993), certif. denied, 136 N.J. 29 (1994); see also State

v. Ciancaglini, 204 N.J. 597, 605 (2011) (finding "the State can appeal from imposition of an illegal sentence"). That is because a court may correct an illegal sentence at any time "even if it means increasing the term of a custodial sentence that [a] defendant has begun to serve." State v. Eigenmann, 280 N.J. Super. 331, 337 (App. Div. 1995), aff'd o.b., 138 N.J. 89 (1994).

Here, the State claims authority to appeal on both bases. The State asserts it may appeal because defendant's Drug Court sentence is illegal. It also asserts N.J.S.A. 2C:44-1(f)(2) expressly authorizes its appeal of defendant's non-custodial Drug Court sentence. We address and reject the State's arguments in turn.

### A.

The State argues defendant's sentence is illegal because the court did not correctly assess and determine defendant's danger to the community if she were sentenced to Drug Court as required by N.J.S.A. 2C:35-14(a)(9). The State reasons that because the court failed to correctly assess defendant's danger to the community in accordance with the statute, the court erred in finding defendant was eligible for Drug Court under N.J.S.A. 2C:35-14 and, as a result, the Drug Court sentence was illegal.

Our "Code of Criminal Justice, N.J.S.A. 2C:1-1 to 2C:104-9 [] does not define the term 'illegal sentence,'" but "does specify the sentence or penalty for each offense and the authorized dispositions. N.J.S.A. 2C:43-2." State v. Murray, 162 N.J. 240, 246 (2000). Our Supreme Court has defined "an illegal sentence [as] one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting Murray, supra, 162 N.J. at 247). A sentence "not imposed in accordance with law" includes a "disposition [not] authorized by the Code." Murray, supra, 162 N.J. at 247. However, "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization," does not render a sentence illegal. Acevedo, supra, 205 N.J. at 46 (quoting State v. Flores, 228 N.J. Super. 586, 592 (App. Div. 1988), certif. denied, 115 N.J. 78 (1989)).

Defendant's Drug Court probationary sentence does not exceed the ten-year maximum custodial term permitted by the Code for the second-degree offense for which she was convicted. See N.J.S.A. 2C:43-6(a)(2). Therefore, the sentence is not illegal because it does not exceed the punishment authorized under the Code. Acevedo, supra, 205 N.J. at 45; see also State v. Ancrum,

449 N.J. Super. 526, 534 (App. Div.) (stating the Drug Court sentencing statute, N.J.S.A. 2C:35-14, provides "one of many dispositions" of offenders under our Criminal Code), certif. denied, __ N.J. __ (2017); Bishop, supra, 429 N.J. Super. at 539 (finding that a Drug Court sentence "is another authorized disposition under the Code[]"), aff'd o.b., 223 N.J. 290 (2015).

Moreover, the sentence was imposed in accordance with the law because N.J.S.A. 2C:35-14 expressly authorizes imposition of the Drug Court sentence here. See Murray, supra, 162 N.J. at 247 (noting a sentence that is not a "disposition authorized by the Code" is illegal). Defendant's sentence did not violate any mandatory sentencing conditions. See ibid. (observing that a sentence is illegal if it violates mandatory sentencing requirements); see also State v. Baker, 270 N.J. Super. 55, 70 (App. Div.) (finding failure to impose mandatory period of parole ineligibility rendered sentence illegal), certif. denied, 136 N.J. 297 (1994).

We reject the State's contention that alleged errors in the court's assessment of defendant's alleged danger to the community under N.J.S.A. 2C:35-14(a)(9) rendered the sentence illegal. A court's assessment of statutory factors in imposing a sentence relates to the excessiveness of the sentence, "rather than [its] legality." Acevedo, supra, 205 N.J. at 46 (quoting

<u>Flores</u>, <u>supra</u>, 228 <u>N.J. Super.</u> at 596). Thus, any alleged errors in the court's assessment of the statutory factors under <u>N.J.S.A.</u> 2C:35-14(a) did not render defendant's sentence illegal because a Drug Court sentence is an authorized disposition under the Code. See, e.g., <u>Acevedo</u>, <u>supra</u>, 205 <u>N.J.</u> at 47 (holding the sentencing court's failure to state reasons for imposition of consecutive sentences did not render sentences illegal); <u>Flores</u>, <u>supra</u>, 228 <u>N.J. Super.</u> at 595-96 (finding the court's alleged improper consideration of aggravating and mitigating factors and consecutive sentencing guidelines did not result in illegal sentence).

Defendant's sentence is not illegal. We therefore reject the State's argument that it has authority to appeal on that basis. See <u>Ciancaglini</u>, <u>supra</u>, 204 <u>N.J.</u> at 605 (explaining the State may appeal an illegal sentence).

### B.

We next address the State's claim that <u>N.J.S.A.</u> 2C:44-1(f)(2) expressly authorizes its appeal of defendant's non-custodial probationary sentence. See <u>Veney</u>, <u>supra</u>, 327 <u>N.J. Super.</u> at 460 (finding State has no right to appeal a sentence unless expressly authorized by statute). <u>N.J.S.A.</u> 2C:44-1(f)(2) provides that "if the court imposes a non-custodial or probationary sentence upon conviction for a crime of the first

or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution." See Roth, supra, 95 N.J. at 360 (finding N.J.S.A. 2C:44-1(f)(2) authorizes the State's appeal of non-custodial sentences on first or second-degree convictions).

In interpreting N.J.S.A. 2C:44-1(f)(2), our "overriding goal must be to determine the Legislature's intent." Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 221 (2012) (citation omitted). "[A] statute's 'words and phrases shall be read and construed within their context' and 'given their generally accepted meaning.'" Burnett v. Cty. of Bergen, 198 N.J. 408, 421 (2009) (citing N.J.S.A. 1:1-1). "To that end, 'statutes must be read in their entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole.'" Ibid. (quoting Bedford v. Riello, 195 N.J. 210, 224 (2008)).

Applying these principles, we first consider N.J.S.A. 2C:44-1(f)(2) within the context of the other provisions of N.J.S.A. 2C:44-1. N.J.S.A. 2C:44-1(d) creates a presumption that first and second-degree offenders will be sentenced to incarceration. The statute mandates that a court "deal with" a defendant convicted of a first or second-degree offense by imposing "a sentence of imprisonment." N.J.S.A. 2C:44-1(d). The

11

presumption of imprisonment, however, may be overcome. Under N.J.S.A. 2C:44-1(d), a first or second-degree offender may be given a non-custodial or probationary sentence, if "having regard to the character and condition of the defendant, [the court] is of the opinion that . . . imprisonment would be a serious injustice which overrides the need to deter such conduct by others." Ibid.

The presumption of incarceration for first and second-degree offenders under N.J.S.A. 2C:44-1(d) "is rarely overcome." Bishop, supra, 429 N.J. at 539. The circumstances permitting a finding that there is a "serious injustice" overcoming the presumption of imprisonment "are extremely narrow" and "should be applied only under circumstances that are 'truly extraordinary and unanticipated.'" State v. Jarbath, 114 N.J. 394, 406 (1989) (quoting Roth, supra, 95 N.J. at 358). Where a sentencing court does not impose the presumed sentence of incarceration for a first or second-degree offense, N.J.S.A. 2C:44-1(f)(2) authorizes the State to appeal the non-custodial or probationary sentence imposed.

The State argues defendant was convicted of second-degree leaving the scene of a fatal accident, N.J.S.A. 2C:11-5.1, and was therefore subject to the presumption of incarceration under N.J.S.A. 2C:44-1(d). The State reasons that because the court

imposed the non-custodial sentence of special probation Drug Court sentence for the second-degree offense, its appeal is expressly authorized by N.J.S.A. 2C:44-1(f)(2). We disagree.

The State's reliance on N.J.S.A. 2C:44-1(f)(2) is misplaced. Although N.J.S.A. 2C:44-1(f)(2) authorizes the State to appeal a non-custodial or probationary sentence for a first or second-degree offender, we find it does not authorize an appeal by the State where a court imposes a special probation Drug Court sentence pursuant to N.J.S.A. 2C:35-14.

When N.J.S.A. 2C:44-1(f)(2) was enacted in 1978, L. 1978, c. 95, the only means by which first or second-degree offenders could be sentenced to a non-custodial or probationary sentence was if the court made the findings necessary under N.J.S.A. 2C:44-1(d) to overcome the presumption of incarceration. Thus, by granting the State the right to appeal a non-custodial or probationary sentence for a first and second-degree offender, the Legislature could have only intended to authorize the State to appeal a court's determination under N.J.S.A. 2C:44-1(d) that "imprisonment would be a serious injustice which overrides the need to deter such conduct by others."

Here, the court's imposition of defendant's Drug Court sentence did not require a determination under N.J.S.A. 2C:44-1(d). Defendant's sentence was imposed under a separate

statute, N.J.S.A. 2C:35-14,[2] which was not enacted until nine years after N.J.S.A. 2C:44-1(f)(2). Imposition of a non-custodial Drug Court sentence under N.J.S.A. 2C:35-14 requires an analysis under a wholly different statutory standard than under N.J.S.A. 2C:44-1(d). Because N.J.S.A. 2C:44-1(f)(2) was enacted to permit only an appeal of a court's sentencing determination under N.J.S.A. 2C:44-1(d),[3] we find it inapplicable to an appeal from a determination to impose a non-custodial Drug Court sentence under N.J.S.A. 2C:35-14.

In its adoption of N.J.S.A. 2C:35-14, the Legislature established an exception to the presumption of incarceration for first and second-degree offenders that is independent of any determination required under N.J.S.A. 2C:44-1(d). Although a probationary sentence "is almost never appropriate under the Code's sentencing provisions" for first and second-degree offenders, a special probation Drug Court sentence "is another

---

[2] L. 1987, c. 106.

[3] N.J.S.A. 2C:44-1(f)(2) also authorizes the State to appeal a court's decision to sentence first and second-degree offenders "to a term appropriate to a crime of one degree lower than that of the crime for which [the defendant] was convicted." That portion of the statute has no application here. The court did not impose the special probation Drug Court sentence based on a finding defendant should be sentenced to a term appropriate to a crime one degree lower than the second-degree offense for which she was convicted. The sentence was imposed based on the court's determination that defendant was eligible for special probation under N.J.S.A. 2C:35-14.

authorized disposition under the Code." Bishop, supra, 429 N.J. Super. at 540-41. "[T]he Legislature created special probation as a disposition aimed specifically at prison-bound offenders, who would not be eligible for regular probation." Id. at 540.

For a defendant otherwise eligible for a special probation Drug Court sentence, N.J.S.A. 2C:35-14 renders inapplicable the presumption of incarceration that would otherwise apply to a defendant under N.J.S.A. 2C:44-1(d). N.J.S.A. 2C:35-14(a) provides that "[a]ny person who is ineligible for probation due to a conviction for a crime which is subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility may be sentenced to a term of special probation . . . ." N.J.S.A. 2C:35-14(a).

The statute further provides that "[n]otwithstanding the presumption of incarceration pursuant to" N.J.S.A. 2C:44-1(d), an otherwise qualified defendant may be admitted to Drug Court provided the court makes findings of nine specified factors. Ibid. The plain language of N.J.S.A. 2C:35-14 therefore establishes a separate and independent standard for the imposition of a probationary Drug Court sentence for defendants who would otherwise be subject to the presumption of incarceration under N.J.S.A. 2C:44-1(d). Bishop, supra, 429 N.J. Super. at 539-40.

In its imposition of defendant's Drug Court sentence, the court did not apply the presumption of incarceration under N.J.S.A. 2C:44-1(d), nor could it. The court never made findings under N.J.S.A. 2C:44-1(d) permitting defendant to overcome the presumption of incarceration, and the court was not required to do so. To the contrary, defendant was sentenced pursuant to N.J.S.A. 2C:35-14, which provides an exception to the presumption of incarceration under N.J.S.A. 2C:44-1(d).

Unlike N.J.S.A. 2C:44-1(f)(2), which permits the State to appeal a court's determination overcoming the presumption of incarceration under N.J.S.A. 2C:44-1(d), N.J.S.A. 2C:35-14 does not include any authorization for the State to appeal a defendant's Drug Court sentence. In our view, the absence of such statutory authorization requires the conclusion that the State lacks the requisite authority to appeal. See Veney, supra, 327 N.J. Super. at 460-61.

The State argues N.J.S.A. 2C:44-1(f)(2) authorizes it to appeal any non-custodial or probationary sentence for a first or second-degree offender. Acceptance of the State's reasoning would permit the State to appeal every special probation Drug Court sentence because a special probation Drug Court sentence under N.J.S.A. 2C:35-14 may be imposed only on defendants who are "ineligible for probation due to . . . conviction[s] for

. . . crimes . . . subject to the presumption of incarceration."[4] The legislative history of N.J.S.A. 2C:35-14, however, undermines the State's position.

A 1999 amendment to N.J.S.A. 2C:35-14 expressly authorized the State to appeal the imposition of a special probation Drug Court sentence under certain circumstances. L. 1999, c. 376. The amendment provided that a defendant convicted of "any crime for which there exist[ed] a presumption of imprisonment pursuant to [N.J.S.A. 2C:44-1(d)] or any other statute" was ineligible for special probation if the State objected to the sentence. Ibid.; see also N.J.S.A. 2C:35-14(c) (1999). The statute, however, provided that a court could sentence a person who committed an offense for which there was a presumption of imprisonment to special probation, if the court found the State's objection constituted a "gross and patent abuse of prosecutorial discretion." Ibid.; State v. Clarke, 203 N.J. 166, 175 (2010). Where the court sentenced a defendant to special probation Drug Court over the State's objection, the amendment to N.J.S.A. 2C:35-14 expressly authorized the State's right to appeal. Ibid.; see also N.J.S.A. 2C:35-14(c) (1999).

---

[4] Special probation may also be imposed for individuals whose convictions otherwise require imposition of a "mandatory minimum period of parole ineligibility." N.J.S.A. 2C:35-14(a).

The 1999 amendment to N.J.S.A. 2C:35-14 undermines the State's position that N.J.S.A. 2C:44-1(f)(2) permits the State to appeal a special probation Drug Court sentence. If N.J.S.A. 2C:44-1(f)(2) already authorized the State to appeal special probation Drug Court sentences for defendants otherwise subject to the presumption of incarceration under the N.J.S.A. 2C:44-1(d), it was wholly unnecessary to amend N.J.S.A. 2C:35-14 to authorize a State's appeal of special probation sentences for convictions otherwise subject to the presumption of imprisonment.

We presume the Legislature was familiar with the parameters of its grant of authority to the State to appeal sentences under N.J.S.A. 2C:44-1(f)(2). See State v. Galicia, 210 N.J. 364, 381 (2012) (noting it may be presumed the Legislature is "thoroughly conversant with its own legislation" (citation omitted)). Indeed, the 1999 amendment makes express reference to the N.J.S.A. 2C:44-1(d) presumption of incarceration. We also cannot read the 1999 amendment in a manner rendering meaningless its grant of authority to the State to appeal special probation sentences for defendants otherwise subject to the presumption of incarceration. See State v. Malik, 365 N.J. Super. 267, 278 (App. Div. 2003) ("[I]t is not proper statutory construction to reach a result which would render a provision completely

meaningless."), <u>certif. denied</u>, 180 <u>N.J.</u> 354 (2003).  The 1999 amendment to <u>N.J.S.A.</u> 2C:35-14 was not meaningless. The amendment included a grant of authority for the State to appeal special probation Drug Court sentences that did not, and does not, exist under <u>N.J.S.A.</u> 2C:44-1(f)(2).  <u>See</u> <u>In re Expungement Petition of J.S.</u>, 223 <u>N.J.</u> 54 (2015) ("[A] change of language in a statute ordinarily implies a purposeful alteration in [the] substance of the law[.]" (citation omitted)).

Nevertheless, <u>N.J.S.A.</u> 2C:35-14 does not authorize the State's appeal of special probation Drug Court sentences.  In 2012, the Legislature repealed <u>N.J.S.A.</u> 2C:35-14(c), and removed from the statute any grant of authority to the State to appeal a Drug Court sentence.[5]  <u>L.</u> 2012, <u>c.</u> 23.  Following the 2012 amendment, <u>N.J.S.A.</u> 2C:35-14 no longer authorizes under any circumstances the State to appeal a special probation Drug Court sentence.

We interpret the repeal of <u>N.J.S.A.</u> 2C:35-14(c) as an unequivocal expression of the Legislature's intent to deprive the State of statutory authority to appeal special probation Drug Court sentences.  In the absence of any express statutory

---

[5] The 2012 amendments to <u>N.J.S.A.</u> 2C:35-14 also "directly altered eligibility requirements and procedures for consideration" of defendants otherwise subject to a presumption of incarceration or a minimum period of parole ineligibility.  <u>State v. Maurer</u>, 438 <u>N.J. Super.</u> 402, 414 (App. Div. 2014).

authority under N.J.S.A. 2C:35-14 allowing the State's appeal, see Veney, supra, 327 N.J. Super. at 460-61, or a showing defendant's sentence is illegal, see Ciancaglini, supra, 204 N.J. at 605, we are convinced we have no jurisdiction to consider the State's challenge to defendant's special probation Drug Court sentence.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2530-16T2