**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4940-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KHALID B. DECKER,

     Defendant-Appellant.

_____

Submitted March 3, 2020 - Decided April 9, 2020

Before Judges Accurso and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-06-0837.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Rookmin Cecilia Beepat, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Khalid B. Decker entered a negotiated plea to third-degree possession of a shotgun without a firearm purchase identification card, N.J.S.A. 2C:39-5(c)(1), in exchange for the State's dismissal of two other charges, a certain persons offense, N.J.S.A. 2C:39-7(b)(1), and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(2), and the State's recommendation of a three-year prison sentence with one year of parole ineligibility in accordance with the Graves Act. Defendant also reserved the right to seek review of the prosecutor's denial of a Graves Act waiver. The trial court denied defendant's motion on the waiver, and we denied his motion for leave to appeal.

By the time of defendant's sentencing, which was conducted by a different judge, the parties realized that the offense to which defendant pleaded guilty did not come under the Graves Act.[1] The prosecutor explained the State had agreed to dismiss the certain persons charge, which would have resulted in defendant serving five years in State prison, N.J.S.A. 2C:39-7(b)(1), so long as defendant would acknowledge in his plea that the shotgun was loaded at some

---

[1] N.J.S.A. 2C:43-6 was amended in 2013 to provide that the court shall not impose a mandatory sentence for violation N.J.S.A. 2C:39-5(c)(1). See L.2013, c. 113, § 2, eff. Aug. 8, 2013.

A-4940-17T1

point while in his possession, although it was not loaded when he transferred it to his brother for sale to a third person,[2] thereby justifying the State's recommended sentence under the Graves Act.

Defendant upheld his agreement and admitted to the judge taking his plea that the shotgun had been loaded at some point during the time he possessed it. But, as the prosecutor explained to the sentencing judge, defendant was never indicted for the Graves Act offense of possession of a loaded shotgun, N.J.S.A. 2C:39-5(c)(2). The State argued "defendant could not plead to the Graves offense" for which he was not indicted, and that sentencing defendant in accordance with his plea would result in "an illegal sentence." The State made an oral motion "that . . . defendant's plea be vacated and everybody starts from square one since the meeting of the minds was incorrect."

---

[2] Because the facts of the offense are not relevant to the issue on appeal, we do not recount them. Suffice it to say the parties agree that defendant, who had a significant prior criminal history, had not been convicted of an offense in more than ten years when his brother, the target of a firearms trafficking investigation, called to ask whether defendant was interested in selling his shotgun. That call, which was intercepted on a wiretap, led to defendant's brother selling the shotgun to a confidential informant. Defendant was not otherwise implicated in his brother's activities.

A-4940-17T1

The judge denied the motion and sentenced defendant to three years in State prison with one year of parole ineligibility in accordance with his plea agreement. Although finding mitigating factors seven, eight, nine, ten and eleven outweighed aggravating factors three, six, and nine, which would ordinarily result in a "probationary sentence . . . be[ing] more appropriate," the judge explained she was "clearly convinced" she was required "to impose by law the sentence of three years with one-year parole ineligibility." The judge granted defendant's motion to stay the sentence pending appeal.

Defendant now appeals his sentence, raising a single issue:

> SINCE, CONTRARY TO THE BELIEF OF THE SENTENCING COURT, DEFENDANT WAS NOT CONVICTED OF A GRAVES ACT OFFENSE, AND SINCE THE SENTENCING COURT MADE CLEAR THAT IT WOULD IMPOSE A PROBATIONARY SENTENCE ABSENT THE GRAVES ACT, THIS COURT SHOULD EXERCISE ITS ORIGINAL JURISDICTION AND SENTENCE DEFENDANT TO ONE YEAR PROBATION. (Not Raised Below)
>
> A.    Mr. Decker was not Convicted of a Graves Act Offense.
>
> B.    The Plea Agreement Should not be Vacated Because This is a Legal Sentence With an Adequate Factual Basis.

A-4940-17T1

The State has not filed a cross-appeal or explained why it would have the right to do so here.  See State v. Veney, 327 N.J. Super. 458, 460 (App. Div. 2000). It nevertheless asks that we vacate the plea because "[b]oth parties entered into a plea agreement without full understanding of the statutory implications" and "remand so that [defendant] can enter into a plea in accordance with the law." Having considered the parties' arguments, we vacate defendant's sentence only and remand for resentencing.

The State does not dispute that defendant provided an adequate factual basis for the offense for which he was indicted and agreed to plead guilty, and that the sentence imposed comported with the Code.  Accordingly, we find no basis on which to vacate the plea.  That the parties and the court failed to appreciate that the 2013 amendments to N.J.S.A. 2C:43-6 exempted persons convicted of the unlawful possession of an unloaded shotgun from the mandatory sentences imposed under the Graves Act does not impugn the validity of defendant's plea to that offense or make the recommended sentence the court imposed an illegal one.  See Veney, 327 N.J. Super. at 462.

Notwithstanding that defendant's sentence is not illegal under the Code, and indeed the State is free to argue for its imposition on remand, the judge's erroneous belief that she had no choice but to impose a term of imprisonment

requires our setting it aside.  We, however, decline defendant's request that we exercise original jurisdiction to resentence him to the probationary term he asserts the judge would have imposed "absent the Graves Act."  Although we undoubtedly have the power to modify a sentence under Rule 2:10-5, our Supreme Court has directed that our "exercise of that jurisdiction 'should not occur regularly or routinely,'" and instead that "a remand to the trial court for resentencing is strongly to be preferred."  State v. Kromphold, 162 N.J. 345, 355 (2000) (quoting State v. Jarbath, 114 N.J. 394, 410-11  (1989)).  Although the matter has been pending for some time, the indictment having been returned nearly four years ago, defendant is not confined, and he offers us no sound basis to exercise original jurisdiction here.

Accordingly, we vacate defendant's sentence and remand for resentencing in accordance with State v. Randolph, 210 N.J. 330, 354 (2012).[3] We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  The parties agree the judgment of conviction should reflect the original charge of N.J.S.A. 2C:39-5(c)(1) in the third degree as listed in Indictment 16-06-0837.